IN RE: LINDSAY LAMPASONA, LLC
BANKRUPTCY NO. 11-19747-JNF

EXHIBIT A TO

MOTION BY DEBTOR FOR APPROVAL OF BIDDING
PROCEDURES AND TERMINATION FEE PROVISION
IN CONNECTION WITH PROPOSED PRIVATE SALE OF
ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>**LINDSAY LAMPASONA, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 11-19747-JNF |

## ORDER ESTABLISHING BID PROCEDURES

Lindsay Lampasona, LLC (the "Debtor"), the debtor and debtor-in-possession in the above captioned action, having filed its *Motion by Debtor For Approval of Bidding Procedures And Termination Fee Provision in Connection With proposed private Sale of assets Free And Clear of Liens, Claims And Interests* (the "Bid Procedures Motion") seeking the approval of bid procedures with respect to the Debtor's proposed sale of certain of the Debtor's assets to Rykor Concrete & Civil, Inc. ("Rykor"); and the Court having considered the Bid Procedures Motion and all pleadings associated with that motion; and upon the arguments of counsel and the evidence presented at the hearing on the Bid Procedures Motion; and after due deliberation and sufficient cause therefore,

**THIS COURT HEREBY FINDS THAT:**

A.  Capitalized terms not otherwise defined in this order shall have the respective meanings attributed to such terms in the Bid Procedures Motion.

B.  This Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1). Venue of the Bankruptcy Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. The Debtor has filed the *Debtor's Motion (A) to Authorize Debtor to Effectuate Purchase and Sale Agreement With Rykor Concrete & Civil Inc.; (B) to Authorize Sale of Assets By Private Sale Free and Clear of Liens, Claims and Interests; (C) to Authorize the Assumption and Assignment of Executory Contracts, and (D) For Related Relief* (the "Rykor Sale Motion"). The Rykor Sale Motion seeks the approval of an asset purchase agreement between the Debtor and Rykor (the "Rykor APA") that contemplates the sale of the Debtor's tangible assets and the contract on the Debtor's project in Merrimack, New Hampshire (the "the MPO Contract", and together with the Debtor's tangible assets the "Assets"). The sale of the Assets would be by private sale free and clear of all liens, claims and interests.

D. Rykor has submitted a $10,000 deposit (the "Deposit") with the Debtor's counsel.

E. The Rykor APA provides that Rykor is entitled to a termination fee equal to $22,400.00 plus the MPO Repayment Amount (as defined in the Motion) (the "Rykor Termination Fee").

F. The Debtor solicited the "stalking-horse" bid from Rykor. Rykor has expended, and likely will continue to expend time, money and energy pursuing the sale and has engaged in extended and lengthy good faith negotiations. The Rykor APA is the culmination of these efforts.

G. The Rykor Termination Fee provisions were a material inducement for, and a condition of, Rykor's entry into the Rykor APA. Rykor is unwilling to act as the stalking-horse bidder without the Rykor Termination Fee. By having Rykor as a stalking-horse bidder, much of the due diligence, contract negotiation and other work necessary to submit a bid for the Assets will have been completed. This will shorten the time and cost required for prospective bidders to submit a Competing Bid (as defined below) and will therefore promote such bids. The sale of

the Assets as a going concern without a stalking-horse bidder would be more time consuming, more expensive and would likely lead to fewer competitive bids. The approval of the Rykor Termination Fee will therefore benefit the Debtor's bankruptcy estate. Termination Fees are common in sales of this type.

  H. Good and sufficient cause exists for the entry of this Order.

**NOW THEREFORE,** it is **HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

  1. The Bid Procedures Motion is hereby granted.

  2. The following bid procedures (the "Bid Procedures") shall apply to the sale of the Assets:

    a. Any competing bid, offer, plan of reorganization or other arrangement shall be deemed to qualify as a competing bid (a "Competing Bid") only if made upon terms and provisions substantially similar to those set forth in this Agreement and in respect of the sale and purchase of substantially all of the Assets and assumption of the Assumed Liabilities and for an aggregate purchase price equal to the sum of the Purchase Price, the Termination Fee and $2,500.00. Seller shall provide an estimate of the Termination Fee to any interested party for the purpose of submitting a Competing Bid.

    b. Any competing bidder pursuant to section (a) must deliver a deposit to Seller in an amount equal to $10,000.00 (the "Deposit") at the time of submission of such bid and satisfy Seller of the bidder's ability to consummate the transaction.

    c. An Auction for the Assets shall be held only if there is a Competing Bid, and the Auction, if necessary, shall be conducted by the Bankruptcy Court at the time of the hearing on the Sale Approval Order. The Bid Procedures shall provide that if there is no Competing Bid, then the Buyer and Seller shall proceed to seek approval of the Sale Approval Order.

    d. Only persons that have submitted a timely qualified Competing Bid may participate in any Auction for the Assets. Notwithstanding this subsection of the Bid Procedures, Buyer may participate in any Auction.

    e. Bidding at any Auction for the Assets shall be conducted as an open bidding process, with any incremental bid made subsequent to the initial overbid to be at least $10,000.00 greater than the most recent bid.

  f. At any Auction for the Assets: (1) Buyer shall be entitled to improve its offer, and (2) Buyer shall, with respect to any bid at the Auction, be entitled to waive the Termination Fee and the amount waived shall be added to Buyer's bid.

  3. In the event the party who submits the highest and best offer for the Assets fails to close on the sale through no fault of the Debtor, such party's Deposit shall be forfeited to the Debtor.

  4. If the party submitting the highest and best offer for the Assets fails to close on the sale of the Assets, the Debtor is authorized to sell the Assets to the party submitting the second highest or best offer, as determined at the hearing on the sale of the Assets.

  5. In the event that Rykor is not the successful bidder for the Assets, the Debtor is authorized to pay the Rykor Termination Fee from the sale proceeds.

  6. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order, including to (i) interpret, implement and enforce the provisions of this Order and the Rykor APA (including, without limitation, the provisions related to the Termination Fee), any subsequent amendments to, modifications of, consents relating to or waivers thereof and any related documents (including, without limitation, the Escrow Agreement); (ii) enforce Rykor's rights with respect to its administrative expense claims granted hereunder; and (iii) adjudicate all matters concerning the Bidding Procedures, the Sale Motion, this Order or the Rykor APA.

  7. The Debtor is hereby authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established by this Order.

Dated: October ___, 2011
              _____
              Honorable Joan N. Feeney
              UNITED STATES BANKRUPTCY JUDGE