**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
(Eastern Division)

| | |
|---|---|
| In re:<br><br>**LINDSAY LAMPASONA, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 11-19747-JNF |

**MOTION TO AMEND**
**DEBTOR'S MOTION (A) TO AUTHORIZE DEBTOR TO EFFECTUATE**
**PURCHASE AND SALE AGREEMENT WITH RYKOR CONCRETE & CIVIL INC.;**
**(B) TO AUTHORIZE SALE OF ASSETS BY PRIVATE SALE FREE AND CLEAR OF**
**LIENS, CLAIMS AND INTERESTS; (C) TO AUTHORIZE THE ASSUMPTION AND**
**ASSIGNMENT OF EXECUTORY CONTRACTS, AND (D) FOR RELATED RELIEF**
(Expedited Determination Requested)

Lindsay Lampasona, LLC (the "Debtor"), the debtor and debtor-in-possession in the above captioned case, hereby moves this Court to amend the *Debtor's Motion (A) to Authorize Debtor to Effectuate Purchase And Sale Agreement With Rykor Concrete & Civil, Inc.; (B) to Authorize Sale of Assets by Private Sale Free And Clear of Liens, Claims And Interests; (C) to Authorize The Assumption And Assignment of Executory Contracts, And (D) For Related Relief* (the "Sale Motion") [docket no. 17]. In support of this motion, the Debtor avers as follows:

### I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334 and 157.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

1

## II. BACKGROUND

3. On October 14, 2011 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

4. The Debtor continues to operate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code and no trustee or committee has been appointed in this case.

5. The Sale Motion, among other things, seeks authority for the Debtor to sell certain assets (the "Sale") pursuant to an asset purchase agreement (the "APA") with Rykor Concrete & Civil Inc. ("Rykor"). Among the assets included in the proposed sale to Rykor is the Debtor's interest in an executory contract for a construction project in Merrimack, New Hampshire (the "MPO Project").

6. In order to fund the continued work on the MPO Project pending the Court's consideration of the proposed sale to Rykor, the Debtor and Rykor also entered into an agreement (the "MPO Contract") that provided terms under which Rykor would make post-petition advances to the Debtor. In order to insure that Rykor would be re-paid these advances in the event it is not the successful bidder at the Sale, the APA includes a break-up fee for Rykor that includes the amounts so advanced (the "Termination Fee").

7. Rykor no longer desires to assume the executory contract related to the MPO Project. The Debtor and Rykor have agreed to an amendment to the APA (the "Amendment") that will reject and then terminate the MPO Contract and adjust the Termination Fee to remove any reference to the advances made under the MPO Contract.[1] A copy of the Amendment is attached as Exhibit A.

---

[1] The advances made by Rykor pursuant to the cash collateral orders entered by the Court will be unaffected by the Amendment.

2

8. The proposed purchase price to be paid by Rykor is not being reduced or changed, nor are any other terms of the APA changing.

9. The Amendment simplifies the Sale and the proposed bidding procedures contained in the APA, and addresses concerns raised by certain creditor constituencies. The Amendment of the APA is in the best interest of the Debtor, its bankruptcy estate and its creditors.

10. The Court has scheduled a hearing on the Motion by Debtor For Approval of Bidding Procedures And Termination Fee Provision in Connection With Proposed Private Sale of assets Free And Clear of Liens, Claims And Interests (the "Bid Procedures Motion") [docket no. 18] for November 22, 2011. The Amendment will modify the bid procedures requested in the Bid Procedures Motion, and grounds therefore exist to consider this motion on an expedited basis.

[this space intentionally left blank]

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) approving this motion, (b) authorizing the amendment of the APA in accordance with the Amendment, and (c) granting such other relief as this Court deems proper.

> Respectfully submitted,
>
> LINDSAY LAMPASONA, LLC,
>
> By its counsel,
>
> /s/ D. Ethan Jeffery
> D. Ethan Jeffery (BBO #631941)
> Natalie B. Sawyer (BBO #660072)
> MURPHY & KING P.C.
> One Beacon Street, 21st Floor
> Boston, MA  02108-3107
> Telephone:  (617) 423-0400
> Facsimile:  (617) 423-0498
> dej@murphyking.com

Dated:  November 16, 2011
612140

4

IN RE: LINDSAY LAMPASONA, LLC
BANKRUPTCY NO. 11-19747-JNF

EXHIBIT A TO

MOTION TO AMEND
DEBTOR'S MOTION (A) TO AUTHORIZE DEBTOR TO EFFECTUATE
PURCHASE AND SALE AGREEMENT WITH RYKOR CONCRETE & CIVIL INC.;
(B) TO AUTHORIZE SALE OF ASSETS BY PRIVATE SALE FREE AND CLEAR OF
LIENS, CLAIMS AND INTERESTS; (C) TO AUTHORIZE THE ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS, AND (D) FOR RELATED RELIEF
(Expedited Determination Requested)

## AGREEMENT TO REJECT AND TERMINATE MPO CONTRACT
## AND AMENDMENT TO ASSET PURCHASE AGREEMENT

This *Agreement to Reject And Terminate MPO Contract and Amendment to Asset Purchase Agreement* (this "Amendment") effective as of November __, 2011 (the "Amendment Date") by and between RYKOR Concrete & Civil, Inc. ("Buyer") and Lampasona, LLC ("Seller", and Seller, together with Buyer, the "Parties").

### Recitals

A.    Reference is made to that certain MPO Contract Agreement between Buyer and Seller filed with the Bankruptcy Court at docket number 8-1 (the "MPO Contract Agreement")

B.    Reference is made to that certain Asset Purchase Agreement between Buyer and Seller filed with the Bankruptcy Court at docket number 17-1 (the "Purchase Agreement").

C.    Seller wishes to reject, and the Parties wish to then terminate the MPO Contract Agreement, and to amend the Purchase Agreement as set forth below. Buyer assents to the rejection of the MPO Contract. The Parties are not terminating the Purchase Agreement.

### Agreement

NOW, THEREFORE, in consideration of the mutual covenants, agreements and understandings herein contained, the receipt and sufficiency of which is hereby acknowledged, the parties hereto hereby agree as follows:

1.    All capitalized terms used herein shall have the meaning set forth in the MPO Contract Agreement and the Purchase Agreement except as otherwise provided herein.

2.    Seller shall request the authority to reject the MPO Contract and Buyer assents to such rejection, subject to the terms of this Amendment.

3.    Effective after Bankruptcy Court approval of the rejection of the MPO Contract, the MPO Contract shall be terminated, provided that such termination is without prejudice to: (a) the Parties respective rights under the MPO Contract for all events that occurred prior to the date Seller filed is voluntary bankruptcy petition, including, without limitation Buyer's right to assert a claim against Seller and/or to recover from any non-debtor third party all amounts advanced by Buyer prior to that date; (b) Buyer's right to recover all amounts advanced by Buyer pursuant to the order of the United States Bankruptcy Court in Sellers bankruptcy case that appears at docket number 38; and (c) right to recover all amounts advanced by Buyer pursuant to the order of the United States Bankruptcy Court in Sellers bankruptcy case that appears at docket number 54.

4.    The Termination Fee set forth in section 7(b) of the Purchase Agreement shall equal $22,400, and the MPO Repayment Amount shall not be repayable to Buyer. Section 7(b) of the Purchase Agreement is therefore deleted in its entirety and replaced as follows:

(b)    Termination Fee. The Bidding Procedures Order shall approve the payment to Buyer of a termination fee ("Termination Fee") in the event of acceptance by Seller of a Competing Bid (a "Competing Transaction"). The Termination Fee shall equal $22,400.00. The Bidding Procedures Order shall also provide, without limitation that any Termination Fee shall: (i) be paid only from the proceeds and at the Closing of the Competing Transaction, (ii) be treated as an allowed administrative expense with priority over all administrative expenses of the kind specified in Sections 503(b) and 507(b) of the Bankruptcy Code, and (iii) be free and clear of (x) any and all Liens and (y) any interest, pledge, lien, security interest, judgment, demand, encumbrance restriction or charge of Seller or Seller's estate of any kind or nature (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated).

5.    Except as modified by this Amendment, the Purchase Agreement shall remain and in full force and effect.

6.    This Amendment may be executed in counterparts which together, shall form but one original.

*[Signature page follows]*

This Amendment is executed as an instrument under seal as of the date set forth above.

| **BUYER** | **SELLER** |
|---|---|
| RYKOR Cooncrete & Civil, Inc. | Lampasona, LLC |

By: _____  By: *Devin Hartnell*
Title:  Title: CEO

*610908*

This Amendment is executed as an instrument under seal as of the date set forth above.

**BUYER**

RYKOR Cooncrete & Civil, Inc.

By: /s/ John C. Kelly
Title: John C. Kelly
President.

**SELLER**

Lampasona, LLC

By: _____
Title:

*610908*