IN RE: LINDSAY LAMPASONA, LLC
BANKRUPTCY NO. 11-19747-JNF

EXHIBIT A TO

JOINT MOTION TO AMEND SALE ORDER
(Emergency Determination Requested)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>**LINDSAY LAMPASONA, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 11-19747-JNF |

### AMENDED ORDER APPROVING DEBTOR'S MOTION (A) TO AUTHORIZE DEBTOR TO EFFECTUATE PURCHASE AND SALE AGREEMENT WITH RYKOR CONCRETE & CIVIL INC.; (B) TO AUTHORIZE SALE OF ASSETS BY PRIVATE SALE FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS; (C) TO AUTHORIZE THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS, AND (D) FOR RELATED RELIEF

This matter having been brought before the Court on the *Debtor's Motion (A) to Authorize Debtor to Effectuate Purchase And Sale Agreement With Rykor Concrete & Civil, Inc.; (B) to Authorize Sale of Assets by Private Sale Free And Clear of Liens, Claims And Interests; (C) to Authorize The Assumption And Assignment of Executory Contracts, And (D) For Related Relief* [docket no. 17], as amended (the "Sale Motion") filed by Lindsay Lampasona, LLC the ("Debtor"); and the Sale Motion seeking, among other things, authorization to sell certain personal property to Rykor Concrete & Civil, Inc. ("Rykor"); and upon all of the evidence proffered or adduced at the hearing on the Sale Motion held on December 29, 2011 (the "Sale Hearing"); and the Assented-To Motion for Entry of Amended Sale Order; and upon the entire record of the Sale Hearing and this Bankruptcy Case; and after due deliberation thereon; and good cause appearing therefor;

**THE COURT HEREBY FINDS AND DETERMINES THAT:**[1]

---

[1] Capitalized terms not defined herein shall have the meaning given them in the Sale Motion or the Bankruptcy Code.

A. This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of these Bankruptcy Cases and the Sale Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief granted in this order include Sections 363(b), (f) and (m) and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9008.

### Notice of Sale

C. As evidenced by the certificates of service filed with this Court at docket numbers 107 and 123, proper, timely, adequate and sufficient notice of the Sale Motion and the Sale Hearing has been provided by the Debtor to all creditors and parties in interest. No other or further notice of the Sale Motion or the Sale Hearing was required.

D. In addition to providing notice of the Sale Motion and the Sale Hearing to creditors and parties in interest, the Debtor solicited counter-offers for the assets being sold (collectively the "Assets") from parties in the business of buying and selling personal property like the Assets.

E. A reasonable opportunity to object or be heard regarding the Sale Motion and the relief requested in the Sale Motion has been afforded to all creditors and parties-in-interest.

F. No counter-offers for the Assets were submitted.

G. No creditors or parties in interest objected to the Sale Motion.

H. The Bank of Canton ("Canton"), which asserts a lien on the Assets, consented to the sale of the Debtor's assets as contemplated by the Sale Motion (the "Sale"). With respect to the vehicles titled in the name of non-Debtor entities that are to be included in the Sale, Canton

2

also consents, but in doing so expressly reserves its lien rights in the proceeds of the Sale attributable to those vehicles. The Debtor asserts that it is the owner of these vehicles and reserves its right to challenge Canton's claim of a lien against them.

I. The Sale is in the best interests of the Debtor, its creditors, its estate and all other parties in interest in the Debtor' bankruptcy cases. The Sale represents a prudent and good faith exercise of the Debtor's business judgment. The Debtor has articulated good, sufficient and sound business justification and compelling circumstances for the Sale.

J. Rykor has asserted that it holds an administrative claim against the Debtor's bankruptcy estate in the approximate amount of $330,000.

### Section 363(f) Is Satisfied

K. Because ~~the Bank of~~ Canton consented to the Sale, the Debtor may sell the Property free and clear of all liens, claims and other interests pursuant to Section 363(f)(2) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Sale Motion is granted and the sale of the Assets to Rykor is hereby approved.

2. By the issuance of this order, the Debtor is hereby authorized, without further order of this Court, to (i) consummate the sale of the Property in accordance with the terms of the Asset Purchase Agreement between Rykor and the Debtor (the "APA"), the Sale Motion and this order, and (ii) take all further actions as may reasonably be necessary to convey the Property in accordance with the terms of the APA, the Sale Motion and this order.

3. The Debtor shall retain at least $330,000 of the Sale proceeds in its bankruptcy estate until further order of the Court on notice to Rykor.

3

## Transfer of the Property

4.      The Assets shall be transferred to Rykor, and such transfer shall constitute a legal, valid, binding and effective transfer of such Assets and shall be free and clear of all Liens, Claims and other interests of any kind or nature whatsoever, with all such Liens and Claims and other interests released, terminated and discharged as to Rykor and the Assets and to attach to the proceeds of the Sale in the order of their priority, with the same validity, force and effect, if any, which they would then have against the Assets, subject to any defenses, counterclaims and rights of avoidance.  Nothing contained in this order shall affect the rights of the Debtor, Canton, and Rykor to assert an interest in, or a defense associated with, the proceeds from the sale of the Assets, including Canton's right (if any) to the proceeds from the sale of those vehicles titled in the name of non-Debtor entities.

5.      The transfer of the Assets to Rykor shall vest Rykor with all right, title (which shall be good, clear and marketable) and interest of the Debtor in and to the Assets, free and clear of all Liens, Claims and other interests.

6.      All persons and entities including, but not limited to, all debt security holders, equity security holders, federal, state, or local governmental, tax, environmental and regulatory authorities or agencies, lenders, trade and other creditors, holding any Lien, Claim or interest of any kind or nature whatsoever, whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, now existing or hereafter arising, senior or subordinated, accrued, determined, determinable or otherwise, arising under or out of, in connection with, or in any way relating to, the Debtor or the operation of the Debtor's business prior to the transfer of the Assets, are hereby forever barred, estopped and permanently enjoined

from asserting, prosecuting or otherwise pursuing any such Lien, Claim or interest against Rykor, the Assets and/or any other assets or operations of Rykor.

### Additional Provisions

7. The terms and conditions of this order shall be binding upon the Debtor, its successors and assigns, its estate, its creditors and any other affected third parties, all Persons asserting any Liens or Claims against or interests in the Debtor's estate or the Assets and all other Persons, including without limitation all Persons who may be required by operation of law or by the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Assets.

8. Rykor will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing on the sale of the Assets as contemplated by the APA.

9. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all instruments and other documents necessary or appropriate to consummate the sale of the Assets.

10. This Court retains jurisdiction to (i) interpret, enforce and implement the terms and provisions of the P&S, all amendments thereto and any waivers and consents thereunder; (ii) resolve any disputes arising under or related to the P&S; (iii) interpret, enforce and implement the provisions of this order; and (iv) resolve any disputes relating to the receipt, use, application or retention of the proceeds of the sale and any Liens or security interests thereon.

~~10.~~ 11. This Sale Order amends and supersedes the sale order entered on December 30, 2011 [Docket No. 125].

~~11.~~12.  This Sale Order shall be effective and enforceable immediately upon entry. The stay otherwise imposed by Bankruptcy Rules 6004(h) is hereby waived. Any party objecting to this order must exercise due diligence in filing an appeal and pursuing a stay, or risk their appeal being foreclosed as moot.

 

_____
Hon. Joan N. Feeney
United States Bankruptcy Judge

Dated: ~~December~~ _____, 201~~1~~2
615252

6