UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| Lindsay Lamposona, LLC, | ) | Chapter 11 |
| | ) | Case No. 11-19747-JNF |
| | ) | |
| Debtor | ) | |
| | ) | |

### UNITED STATES TRUSTEE'S MOTION TO CONVERT DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7 OR TO DISMISS CASE (WITH CERTIFICATE OF SERVICE)

The United States Trustee moves the Court to convert the chapter 11 case of Lindsay Lamposona ("Debtor") to chapter 7 or to dismiss case, because:

- The Debtor's monthly operating report ("MOR") for February, 2012 lists post-petition liabilities in the sum of $547,638.61;

- The most recent insurance binder expired on January 15, 2012 (general liability and umbrella);

- During the six months that this case has been pending, the Debtor has been unable to gain confirmation of a meaningful disclosure statement and feasible plan; and

- Conversion or dismissal is in the best interests of creditors and the estate.

In support, the United States Trustee states:

**JURISDICTION AND VENUE**

1.    The Court has jurisdiction over this matter under 28 U.S.C. 157 and 1334. This is

a core proceeding under 28 U.S.C. 157(b)(2)(A). Venue is proper in this court under 28 U.S.C.

1

1408 and 1409.  The statutory predicates for relief are 28 U.S.C. 586(a)(3), 11 U.S.C. 307 and

1112(b) and  Fed. R. Bankr. P. 1017.

**FACTS**

2.      The Debtor filed a voluntary Chapter 11 petition on October 14, 2011.

3.      To date, the Debtor has not filed a meaningful disclosure statement and a feasible

plan of reorganization.

4.      The Debtor's most recent insurance binder expired on January 15, 2012.  Upon

information and belief (communication from Attorney Jeffrey), at least one person is working for

the Debtor.

5.      The Debtor's MOR for February, 2012, lists cash-end of month in the sum of

$453,804[1] and post-petition liabilities totaling $547,639 as well as cumulative net losses totaling

$595,269 (Exhibit A).[2]

**ARGUMENT**

6.      The Debtor's failure to file a meaningful disclosure statement and feasible plan

constitutes unreasonable delay and, therefore, "cause" to convert the chapter 11 case to chapter 7

or to dismiss case under 11 U.S.C. 1112(b).

7.      The Debtor's failure to provide evidence of updated insurance coverage

constitutes "cause" to convert the chapter 11 case to chapter 7 or to dismiss case under 11 U.S.C.

---

[1] The attached bank statements list cash on hand totaling $38,411.

[2] On March 15, 2012, the Court entered the seventh interim order with respect to motion for entry of order (1)
authorizing the use of cash collateral, (2) granting replacement liens, (3) scheduling a hearing on the further use of
cash collateral, (4) authorizing the payment of pre-petition claims, (5) authorizing post-petition advances, and (6)
granting other relief ("Order").  The Order authorizes the Debtor to use proceeds of the November, 2011 requisition
on the Project to pay certain creditors (listed as holding a post-petition claim on the Debtor's MOR for February,
2012) the sum of $221,931.69 (Exhibit B).

1112(b).

8.      The Debtor's MOR for February, 2012, lists cash-end of month in the sum of $453,804 and post-petition liabilities totaling $547,639 as well as cumulative net losses totaling $595,269.  Any substantial or continuing losses to or diminution of the estate and absence of reasonable likelihood of rehabilitation constitutes "cause" under 11 U.S.C. 1112(b)(4)(A) to convert the chapter 11 case to chapter 7 or to dismiss the case.

9.      The interests of creditors and the estate would best be served by the immediate conversion of the Debtor's chapter 11 case to chapter 7 or dismissal under 11 U.S.C. 1112(b)(1). *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363, 371 (5th Cir. 1987) *(en banc), aff'd* 484 U.S. 365 (1988) (noting that "[i]n the case of most Chapter 11 debtors . . . a plan of reorganization can be effectuated, if at all, within a matter of months, not years . . . The charge to the bankruptcy judge under §1112, then, is to evaluate each debtor's viability in light of the best interest of creditors and the estate . . . .").

**REQUESTED RELIEF**

For these reasons, the United States Trustee requests that the Court enter orders 1) converting the Debtor's chapter 11 case to chapter 7 or dismissing case conditioned upon payment of all quarterly fees; and 2) granting him all such other and further legal and equitable relief to which he may be entitled.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION ONE

By:    */s/ Paula R. C. Bachtell*
       Paula R. C. Bachtell BBO# 564155

3

United States Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
PHONE:      (617) 788-0415
FAX:          (617) 565-6368
Paula.bachtell@usdoj.gov

Dated: April 2, 2012

## CERTIFICATE OF SERVICE

I certify that on April 2, 2012, true and correct copies of the foregoing motion were served via CM/ECF upon the individuals who have filed notices of appearance in the Court's CM/ECF database, including the Debtor's counsel, and all others listed below.

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION ONE

By:      /s/ Paula R. C. Bachtell
Paula R. C. Bachtell BBO#564155
United States Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
PHONE:      (617) 788-0415
FAX:          (617) 565-6368
Paula.bachtell@usdoj.gov

Internal Revenue Service
P.O. Box 9112
Boston, MA  02203
Attn: Special Procedures

MDOR
Bankruptcy Unit
P.O. BOX 9564
Boston, MA 02114-9564

MDET
19 Staniford Street
Boston, MA  02114

4

Attn: Chuck Hurst


Aggregate Industries Northeast Region, Inc.
1715 Broadway
Saugus, MA  01906


Argus Management Corporation
Attn: Peter Sullivan
15 Keith Hill Road
Suite 100
Grafton, MA  01519


Bloomberg
100 Business Park Drive
P.O. Box 888
Attn: Data Law Collections Group
Princeton, NJ  08542-9877


Bureau of National Affairs
1801 S. Bell Street
Arlington, VA  22202-4501


CCH Inc.
Editorial Library
270 Lake Cook Road
Attn: Court Opinion Processing
Riverwood, IL  60015


Commonwealth of Massachusetts, Dept. of Workforce Development
19 Staniford Street
Boston, MA  02114


Equifax
P.O. Box 740241
Atlanta, GA  30374


Experian
P.O. Box 2002
Allen, TX  75013

J. Derenzo Co.
338 Howard Street
Brockton, MA 02302


LPR Publications
Department 240F
360 Hiatt Drive
Palm Beach Gardens, FL 33410-9690


Lindsay Lampasona, LLC
6 Shire Drive
Norfolk, MA 02056


Loislaw.com
Source Acquisition Ass't
105 North 28th Street
Van Buren, AR 72956


Massachusetts Lawyers Weekly
41 West Street
Attn: Publication Dept.
Boston, MA 02111-1233


Matthew Bender & Co., Inc.
Two Park Avenue
New York, NY 10016


Murphy & King, P.C.
One Beacon Street
21st Floor
Boston, MA 02108


Source Acquisition
Lexis-Nexis
9393 Springboro Pike
P.O. Box 933

6

Dayton, OH  45401-9966

The Law Reporter
P.O Box 575
Guilford, CT  06437-9918

Transunion
P.O. Box 1000
Chester, PA  19022

UNITED STATES ATTORNEY
ONE COURTHOUSE WAY
SUITE 9200
BOSTON, MA  02210

US DEPARTMENT OF LABOR
EMPLOYEE BENEFITS
JFK FEDERAL BUILDING
ROOM 575
Boston, MA  02203

West Group
Cases Content Center D4-40
610 Opperman Drive
P.O. Box 64526
St. Paul, MN  55164-9915

Whaling City Iron Co.
13 Logan Street
New Bedford, MA  02740

3D Concrete, Inc
103 SE 15th Avenue PO Box 308
Aledo, IL 61231

AIG/Chartis
22427 Network Place
Chicago, IL 60673

AT&T
PO Box 8110
Aurora, IL 60507

ATS Equipment Inc
33 Locust Street
Boston, MA 02125

Abitibi Consolidated Corp
3220 Paysphere Circle
Chicago, IL 60674

Accarpio All Floors
25 Washington Avenue
Berlin, CT 06037

Aggregate Industries Northeast Region
PO Box 347317
Pittsburgh, PA 15251

Aggregate Industries--Northeast Region, Inc.
c/o William R. Moriarty, Esquire
Sassoon & Cymrot, LLP
84 State Street, Suite 820
Boston, MA 02109

Airgas East
Lakeport Industrial Park
Lakeville, MA 02347

Allegra Print & Imaging
317 Union Street
Franklin, MA 02038

Allied Auto Parts
PO Box 1040
Brockton, MA 02303

Allied Waste Services
PO Box 9001099
Louisville, KY 40290

Ally Financial
P.O. Box 130424
Roseville, MN 55113

Ally Financial
c/o Ally Servicing LLC
P.O. Box 130424
Roseville, MN 55113

American Express
PO Box 2855
New York, NY 10016

Anthony Lampasona
6 Shire Drive
Norfolk, MA 02056

B.L. Makepeace, Inc
125 Guest Street
Brighton, MA 02135

Badd Bros., Inc
20 Industrial Road
Wrentham, MA 02093

Baldwin Crane & Equipment Corporation
232 Andover Street
Wilmington, MA 01887

Bank of America
PO Box 15710
Wilmington, DE 19886

Bank of America - Margaret
PO Box 15019
Wilmington, DE 19886

Bank of Canton
490 Turnpike Street
Canton, MA 02021

Barker Steel LLC
PO Box 845475
Boston, MA 02284

Bell Building Sciences Group LLC
P.O. Box 14304
Atlanta, GA 30324

Benevento Concrete Corp
PO Box 459
Wilmington, MA 01887

Borggaard Construction Corp
P.O. Box 473
North Grafton, MA 01536

Bunce Industries, LLC
PO Box 720
Stow, MA 01775

Burrell's Excavating Inc
6146 County Rd 32
Norwich, NY 13815

CEI Boston LLC
15 Shire Drive
Norfolk, MA 02056

CNA
PO Box 382033

Pittsburgh, PA 15250

Campanelli Associates Construction Corp.
One Campanelli Drive
Braintree, MA 02185

Carmen M. Ortiz, U.S. Attorney
U.S. Court House, Suite 9200
One Court House Way
Boston, MA 02210

Carquest
507 East Central St, Unit B
Franklin, MA 02038

Central Contracting LLC
797 Wall St. P.O. Box 7
West Winfield, NY 13491

Centralized Insolvency Operation
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Chartis, Inc.
175 Water Street, 18th Floor
New York, NY 10038

Chicopee Concrete Service, Inc
652 Prospect Street
Chicopee, MA 01020

Chicopee Concrete Service, Inc.
c/o James B. Heffernan, Esq.
Bacon Wilson, P.C.
33 State Street
Springfield, MA 01103

11

Chris' Service Center Inc
1675 Main Street PO Box 510
Walpole, MA 02081

Cintas Corporation
#756 300 Highland Corp Drive
Cumberland, RI 02864

Cleveland Construction Inc.
8620 Tyler Blvd.
Mentor, OH 44060

Colony Hardware Supply Co
15 Stiles Street
New Haven, CT 06512

Columbia Gas of MA
P.O. Box 2025
Springfield, MA 01102

Comcast
PO Box 1577
Newark, NJ 17101

Consolidated Concrete Corp
835 Taunton Avenue
East Providence, RI 02914

Contractors Supply, Inc
3340 Pawtucket Avenue PO Box 15086
East Providence, RI 02915

Cook Builders' Supply Company
210 Agawam Avenue P.O. Box 366
West Springfield, MA 01090

Cossitt Concrete Products, Inc
P.O. Box 56, Middleport Rd

Hamilton, NY 13346


Cutting Edge Concrete Equipment Inc
6 Shire Drive PO Box 700
Norfolk, MA 02056


D&M Concrete Floor Company, Inc
2 Lark Street
Fall River, MA 02721


Dennis K Burke, Inc
284 Eastern Avenue
Chelsea, MA 02150


Devin T. Hartnell
41 Brandywine Road
Franklin, MA 02038


Diamond Speed Products, Inc
3344 Schierhorn Ct.
Franklin Park, IL 60131


Durajoint Concrete Accessories
PO Box 76761
Cleveland, OH 44101


EMJ Corp.
800 South Street
Suite 370
Waltham, MA 02453


Eastern Concrete Cutting Corp
37-31 29th Street
Long Island City, NY 11101


Eastern High Reach Company, Inc
331 Maple Avenue #2
Horsham, PA 19044

Eastern States Insurance Agency, Inc
50 Prospect Street
Waltham, MA 02453

Equipment Maintenance & Repair
771 Rodman Street Unit A
Fall River, MA 02721

Exxon Mobil
PO Box 688938
Des Moines, IA 50368

Fastenal Company
PO Box 0769
Winona, MN 55987

Fleetserve, Inc
282 Dedham Street
Norfolk, MA 02056

Ford Credit
PO Box 94380
Palatine, IL 60094

Franklin Ford Sales
175 East Central Street
Route 140
Franklin, MA 02038

Franklin Tire & Auto
278 Pleasant Street PO Box 273
Franklin, MA 02038

Future Bearings, Inc
90 Mendon Street
Bellingham, MA 02019

G.H. Berlin Oil Company
42 Rumsey Road
East Hartford, CT 06108

GMAC-Ally Payment Processing Center
PO Box 380901
Bloomington, MN 55438

Gamka Sales Company, Inc
983 New Durham Road
Edison, NJ 08817

Great America Leasing Corporation
625 First Street SE
Cedar Rapids, IA 52401

Greenscape Inc.
100 Revolutionary Drive
East Taunton, MA 02718

Hampton Inn Long Island/Brookhaven
2000 North Ocean Avenue
Farmingville, NY 11738

Harbor One Credit Union
PO Box 730
Brockton, MA 02303

Hilti Inc
PO Box 382002
Pittsburgh, PA 15250

Hilti, Inc.
5400 South 122nd East Avenue
Tulsa, OK 74145

Hilti, Inc.
c/o Leonard M. Krulewich

15

50 Staniford Street
P.O. Box 8190
Boston, MA 02114

Home Depot Credit Services
PO Box 6029
The Lakes, MA 88901

Home for Little Wanderers
161 South Huntington Avenue
Jamaica Plain, MA 02130

Howard Johnson
75 North Broad Street
Norwich, NY 13815

Industrial Caulk & Seal, Inc
302 Broad Street
Delta, PA 17314

J.G. Maclellan Concrete Co., Inc
180 Phoenix Ave
Lowell, MA 01852

J.W. Lindsay Enterprises Ltd.
22 Fielding Avenue
Dartmouth NS B3B1E2

JC Concrete Inc
73 Jamaica Avenue
Holtville, NY 11742

JM Ahle Co.
d/b/a Whaling City Iron Co.
13 Logan Street
New Bedford, MA 02740

Jack Young Company, Inc

334-362 Cambridge Street
Allston, MA 02134

LRGHealthcare Lakes Region General Hospital
80 Highland Street
Laconia, NH 03246

LaFazia Concrete Placement
400 Putnam Pike PMB 215
Smithfield, RI 02917

Leaf Financial
PO Box 644006
Cincinnati, OH 45264

Likarr Maintenance Systems
6 Perry Drive
Foxboro, MA 02035

Lindsay Construction Services Ltd.
22 Fielding Avenue
Dartmouth NS B3B1E2

MAS Building & Bridge Inc.
PO Box 49
Franklin, MA 02038

MAS Building & Bridge, Inc
PO Box 49
Franklin, MA 02038

Marlin Leasing Corporation
520 Walnut Street
Suite 1150
Philadelphia, PA 19106

Marriott International, Inc.
10400 Fernwood Road

Bethesda, MD 20817

Mary F. Lampasona
393 Union Street
Franklin, MA 02038

Mass Maritime Academy
Attn: Purchasing Dept. 101 Academy Drive
Buzzards Bay, MA 02532

McQuade & Bannigan Inc
1300 Stark Street
Utica, NY 13502

Medway Lumber
1400 Main Street Route 109
Millis, MA 02054

Metrolift Propane
600 Somerset Avenue
Taunton, MA 02780

Milford 495 Rental Center
189 Medway Road Route 109
Milford, MA 01757

Milspec Industries
5825 S. Greenwood Avenue
Los Angeles, CA 90040

Mini Warehousing, Inc
241 Francis Avenue
Mansfield, MA 02048

Mobile Mini, Inc
PO Box 79149
Phoenix, AZ 85062

Modulease Corporation
PO Box 932
Attleboro, MA 02761

Morse Ready Mix, LLC
PO Box 2189
Plainville, MA 02762

NSTAR
PO Box 4508
Woburn, MA 01888

New England Laser & Transit Company
8 Reeds Mill Road
Newport, NH 03773

New England Real Estate Journal
PO Box 55
Accord, MA 02018

Nolla, Palou & Casellas, LLC
P.O. Box 195287
San Juan, PR 00919-5287

Norfolk Credit Union
PO Box 306
Norfolk, MA 02056

Office of the Attorney General
Commonwealth of Massachusetts
Consumer Protection Division
One Ashburton Place
Boston, MA 02108

One Stop Auto, Inc
511 East Central Street
Franklin, MA 02038

Orlando's Garage
228 Dedham Street
Norfolk, MA 02056

Our Rental Corp
165 Sherwood Avenue
Framingdale, NY 11735

P.A. Landers, Inc
P.O. Box 217 351 Winter Street
Hanover, MA 02339

Pacella Excavating
42 Pine Acres Road
Foxboro, MA 02035

Patrick Lampasona
6 Shire Drive
Norfolk, MA 02056

Perry Supply
1900 Corporate Park Drive
Pembroke, MA 02359

Phillip A Rand Co., Inc
139 California Street
Newton, MA 02458

Phonewire Communications
PO Box 685
Bellingham, MA 02019

Pinard Waste Systems,Inc
P.O. Box 5048
Manchester, NH 03108

Pro Equipment Rental

122 Calvary Street PO Box 541586
Waltham, MA 02454


Pro Tool & Supply
126 Calvary Street PO Box 541846
Waltham, MA 02454


Pure Energy Solutions
PO Box 228
Franklin, MA 02038


R.G. Mearn Co., Inc
157 Hampden Street
Boston, MA 02119


R.I. Division of Taxation
One Capital Hill
Providence, RI 02908


Rebars & Mesh
111 Avco Road
Haverhill, MA 01835


Reeds Ferry Lumber Corp
544 Daniel Webster Highway
Merrimack, NH 03054


Residence Inn Marriott
83 Glimcher Realty Way
Elizabeth, NJ 07201


Rivinius & Sons, Inc
225 Salem Street
Woburn, MA 01801


Route 1 Tire
PO Box 1068
Attleboro, MA 02761

Safeguard Business Systems
110 Jefferson Blvd Suite G
Warwick, RI 02888

Securities & Exchange Commission
450 Fifth Street, NW
Washington, DC 20549

Securities and Exchange Commission
Boston District Office
33 Arch Street
23rd Floor
Boston, MA 02110

Sprint
PO Box 4181
Carol Stream, IL 60197

Stadium Gulf
22 Washington Street
Foxboro, MA 02035

Staples Business Advantage
PO Box 415256
Boston, MA 02241

Sterling Concrete Corp
194 Worcester Road P.O. Box 1398
Sterling, MA 01564

SunBelt Rentals, Inc.
1805 LeBanon Road
Nashville, TN 37210

Sunbelt Rentals
1275 West Mound Street
Columbus, OH 43223

Superior Products
P.O. Box 57
Milldale, CT 06467

Susquehanna Commercial Finance, Inc.
2 Country View Drive
Suite 300
Malvern, PA 19355

Taylor Rental
262 Dedham Street
Norfolk, MA 02056

Tiedemann Law Firm
92 State Street, Suite 700
Boston, MA 02109

Tinio Corporation
PO Box 281
Mendon, MA 01756

Town of Norfolk
One Liberty Lane
Norfolk, MA 02056

Town of West Hartford
Room 109 50 South Main Street
West Hartford, CT 06107

Tresca Brothers
PO Box 189
Millis, MA 02054

Triboro Crane & Rigging Services L.L.C.
P.O. Box 1072 290 Shrewsbury Street
Boylston, MA 01505

23

Trust FTB of Mairi Tumavicus c/o Berkshi
31 Court Street
Westfield, MA 01085


UPS
7120 Amigo St
Las Vegas, NV 89119


United Rentals, Inc
PO Box 100711
Atlanta, GA 30384


Universal Fleet Card
PO Box 924108
Norcross, GA 30010


Vendetti Motors, Inc
411 West Central Street
Franklin, MA 02038


Verizon
PO Box 1
Worcester, MA 01654


Vindome LLC
6 Shire Drive
Norfolk, MA 02056


WB Mason Co., Inc
PO Box 55840
Boston, MA 02205


Wells Fargo Businessline
PO Box 6426
Carol Stream, IL 60197


Whaling City Iron Co
13 Logan Street

New Bedford, MA 02740

Williams Scotsman, Inc
PO Box 91975
Chicago, IL 60693

Williams Scotsman, Inc.
8211 Town Center Dr.
Baltimore, MD 21236

Willis of Massachusetts, Inc
P.O. Box 13743
Newark, NJ 07188

WorldBand Communications, Inc
189 Mail Street
Milford, MA 01757

The Bank of Canton
c/o Jeffrey D. Ganz, Esq.
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA 02108

Carrol Shepard
C/o Ken Hovermale, Esq.
215 Commercial Street
3rd Floor
PO Box 578
Portland, Me  04112-0578

Donald Ethan Jeffery
Murphy & King, Professional Corporation
One Beacon Street
21st Floor
Boston, MA  02108

26

27

28

*Rec. 3/30/12*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re      Lindsay Lampasona, LLC                          Case No.        11-19747-JNF
                                                           Reporting Period 2/1/12-2/29/12

### MONTHLY OPERATING REPORT
Complete and submit to the United States Trustee within 15 days after end of month

Submit copy of report to any official committee appointed in the case

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached |
|---|---|---|---|
| Monthly Reporting Questionnaire | MOR-1 | X | |
| Schedule of Cash Receipts and Disbursements | MOR-2 | X | |
| Copies of Debtor's Bank Reconciliations | | X | |
| Copies of Debtor's Bank Statements | | X | |
| Copies of Cash Disbursements Journals | | X | |
| Statement of Operations | MOR-3 | X | |
| Balance Sheet | MOR-4 | X | |
| Schedule of Post-Petition Liabilities | MOR-5 | X | |
| Copies of IRS Form 6123 or payment receipt | | N/A | |
| Copies of tax returns filed during reporting period | | N/A | |
| Detailed listing of aged accounts payables | | X | |
| Accounts Receivable Reconciliation and Aging | MOR-6 | X | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and all attachments
are true and correct to the best of my knowledge and belief.

_____          _____
Signature of Debtor                        Date

_____          _____
Signature of Joint Debtor                  Date

_____          3/15/12
Signature of Authorized Individual*        Date
Devin T. Hartnell                          CEO
Printed Name of Authorized Individual      Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if the debtor is a corporation;
a partner if debtor is a partnership; a manager or member if the debtor is a limited liability company.

                                                           COVER PAGE
                                                           9/04

Lindsay Lampasona, LLC
Debtor

Case No. 11-19747-JNF
Reporting
Period 2/1/12-2/29/12

## MONTHLY REPORTING QUESTIONNAIRE

| Must be completed each month | Yes | No |
|---|---|---|
| 1. Have any assets been sold or transferred outside the normal course of business this reporting period? If yes, provide an explanation below. | | X |
| 2. Have any funds been disbursed from any account other than a debtor-in-possession account this reporting period? If yes, provide an explanation below. | | X |
| 3. Have any payments been made on pre-petition debt, other than payments in the normal course to secured creditors or lessors? If yes, attach listing including date of payment, amount of payment, and name of payee. | | X |
| 4. Have any payments been made to professionals? If yes, attach listing including date of payment, amount of payment, and name of payee. | | X |
| 5. If the answer to question 3 and/or 4 is yes, were all such payments approved by the Court? | | |
| 6. Have any payments been made to officers, insiders, shareholders, or relatives? If yes, attach listing including date of payment, amount and reason for payment, and name of payee. | | X |
| 7. Have all postpetition tax returns been timely filed? If no, provide an explanation below. | X | |
| 8. Is the estate current on the payment of post-petition taxes? | X | |
| 9. Is the estate insured for the replacement cost of assets and for general liability? If no, provide an explanation below. | X | |
| 10. Is workers' compensation insurance in effect? | X | |
| 11. Have all current insurance payments been made? Attach copies of all new and renewed insurance policies. | X | |
| 12. Are a plan and disclosure statement on file? | | X |
| 13. Was there any post-petition borrowing during this reporting period? | | X |

Question 1 - Assets sold outside the normal course

MOR-1
9/04

Lindsay Lempasona, LLC                                    Case No. 11-19747-JNF
Debtor                                          Reporting Period 2/1/12-2/29/12

## Schedule A to MONTHLY REPORTING QUESTIONNAIRE

### 3. Pre-Petition Payments

| Check Date | Check No. | Vendor | Amount |
|---|---|---|---|
| | | | 0.00 |

### 4. Payments to Professionals

| Check Date | Check No. | Vendor | Amount |
|---|---|---|---|
| | | | NONE |
| | | | - |

### 6. Payments to Officers, Insiders, Shareholders

| Check Date | Check No. | Vendor | Amount |
|---|---|---|---|
| | | | NONE |
| | | | - |

Lindsay Lampasona, LLC
Debtor

Case No.    11-19747-JNF
Reporting Period 2/1/12-2/29/12

### SCHEDULE OF CASH RECEIPTS AND DISBURSEMENTS

Amounts reported should be per the debtor's books, not the bank statement. The beginning cash should be the
ending cash from the prior month or, if this is the first report, the amount should be the balance on the date the petition
was filed. Attach copies of the bank statements and the cash disbursements journal. The total disbursements listed
in the disbursements journal must equal the total disbursements reported on this page.
A bank reconciliation must be attached for each account.

| | BANK ACCOUNTS | | | | |
| --- | --- | --- | --- | --- | --- |
| | Operational | Payroll | Tax | Other | Total |
| CASH BEGINNING OF MONTH | 60,833 | 20,270 | - | 415,392 | 496,495 |
| RECEIPTS | | | | | |
| CASH SALES | - | - | - | - | - |
| ACCOUNTS RECEIVABLE | 222,480 | 9,857 | - | - | 232,338 |
| LOANS AND ADVANCES | - | - | - | - | - |
| SALE OF ASSETS | - | - | - | - | - |
| OTHER (ATTACH LIST) | - | - | - | - | - |
| TRANSFERS (FROM DIP ACCTS) | 30,127 | - | - | - | 30,127 |
| TOTAL RECEIPTS | 252,606 | 9,857 | - | - | 262,465 |
| DISBURSEMENTS | | | | | |
| NET PAYROLL | - | - | - | - | - |
| PAYROLL TAXES | - | - | - | - | - |
| SALES, USE & OTHER TAXES | - | - | - | - | - |
| INVENTORY PURCHASES | 221,932 | - | - | - | 221,932 |
| SECURED/RENTAL/LEASES | - | - | - | - | - |
| INSURANCE | 3,072 | - | - | - | 3,072 |
| ADMINISTRATIVE | 25 | - | - | - | 25 |
| SELLING | - | - | - | - | - |
| OTHER (ATTACH LIST) SEE ATTACHED | 50,000 | - | - | - | 50,000 |
| OWNER DRAW * | - | - | - | - | - |
| TRANSFERS (TO DIP ACCTS) | - | 30,127 | - | - | 30,127 |
| PROFESSIONAL FEES | - | - | - | - | - |
| U.S. TRUSTEE QUARTERLY FEES | - | - | - | - | - |
| COURT COSTS | - | - | - | - | - |
| TOTAL DISBURSEMENTS | 275,029 | 30,127 | - | - | 305,156 |
| NET CASH FLOW | | | | | |
| (RECEIPTS LESS DISBURSEMENTS) | (22,421) | (20,270) | - | - | (42,691) |
| CASH - END OF MONTH | 38,411 | - | - | 415,392 | 453,804 |

*COMPENSATION TO SOLE PROPRIETORS FOR SERVICES RENDERED TO BANKRUPTCY ESTATE

### THE FOLLOWING SECTION MUST BE COMPLETED

| DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES: | | |
| --- | --- | --- |
| TOTAL DISBURSEMENTS | | 305,156 |
| LESS: TRANSFERS TO DEBTOR IN POSSESSION ACCOUNTS | $ | (30,127) |
| PLUS: ESTATE DISBURSEMENTS MADE BY OUTSIDE SOURCES (i.e. from escrow accounts) | $ | - |
| TOTAL DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES | | 275,029 |

MOR-2
9/04

Lindsey Lampasona, LLC
Debtor

Case No.        11-19747-JNF
Reporting Period 2/1/12-2/29/12

### Cash Receipts (Other)

| Payment Date | Check No. | Source | Amount |
|---|---|---|---|
| | | | - |

### Cash Disbursements

| Check Date | Check No. | Vendor | Amount | MOR FSL |
|---|---|---|---|---|
| 02/02/12 | 1018 | Bank of Canton | 50,000.00 | Other - Adequate Assurance #3 |
| 02/16/2012 | 1019 | Willis | 2,261.00 | Insurance |
| 02/18/2012 | 1020 | Williams | 811.00 | Insurance |
| 02/29/2012 | awd | Citizens Bank | 25.32 | Administrative |
| | Direnzo 13533 | Reeds Ferry Joint Check | 1,083.25 | Inventory Purchases |
| | Direnzo 13532 | Rebars & Mesh Joint Check | 4,114.00 | Inventory Purchases |
| | Direnzo 13531 | Contractor's Supply Joint Check | 36,861.94 | Inventory Purchases |
| | Direnzo 13530 | Aggregate Industries Joint Check | 179,872.50 | Inventory Purchases |

275,029.01

Lindsey Lampasona, LLC
Debtor

Case No.          11-19747-JNF
Reporting Period  2011-2-2/2012

## Bank Reconciliation

| | Closed 12/14/11 | Closed 12/09/11 | Closed 12/05/11 | | | | Total per MOR |
|---|---|---|---|---|---|---|---|
| GL Account # | 1009 | 1014 | 1015 | 1030 | 1020 | 1025 | |
| Bank | Bank of Canton | Bristol County Savings Bank | Bristol County Savings Bank | | Citizens Bank | Citizens Bank | |
| Account Name | Operating | Operating | Payroll | Escrow | Operating | Payroll | |
| Bank Account # | 5252455R1 | 0027026728 | 0027027956 | | 1320899139 | 1320899147 | |
| Amount per Bank | 0.00 | 0.00 | 0.00 | 415,392.31 | 38,811.87 | 0.00 | 454,204.18 |
| Outstanding Checks | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| DIT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Reconciling Items | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Amount per G/L | 0.00 | 0.00 | 0.00 | 415,392.31 | 38,811.87 | 0.00 | 454,204.18 |
| Variance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.40 |

| O/S Checks: | Check # | Date | Amount | Check # | Date | Amount | Check # | Date | Amount | Check # | Date | Amount | Check # | Date | Amount | Check # | Date | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Total

Lindsay Lampasona, LLC
Debtor

Case No.     11-19747-JNF
Reporting Period     2/1/12-2/29/12

## STATEMENT OF OPERATIONS
### (Income Statement)

The Statement of Operations is to be prepared on an accrual basis. The accrual basis of accounting recognizes revenue
when it is realized and expenses when they are incurred, regardless of when cash is actually received or paid.

| REVENUES | Month | Cumulative Filing to Date |
|---|---|---|
| Gross Revenues | 167,320 | 835,061 |
| Less: Returns and Allowances | | (60,050) |
| Net Revenue | 167,320 | 775,011 |
| COST OF GOODS SOLD | | |
| Beginning Inventory | - | |
| Add: Purchases | 167,320 | 856,204 |
| Add: Cost of Labor | - | 2,684 |
| Add: Other Costs | - | |
| Less: Ending Inventory | - | |
| Cost of Goods Sold | 167,320 | 858,888 |
| Gross Profit | - | (83,877) |
| OPERATING EXPENSES | | |
| Advertising | - | - |
| Auto and Truck Expense | - | - |
| Bad Debts | - | - |
| Contributions | - | - |
| Employee Benefits Programs | - | (291) |
| Insider Compensation* | - | 11,340 |
| Insurance | 2,191 | 23,530 |
| Management Fees/Bonuses | - | |
| Office Expense | 272 | 5,001 |
| Pension & Profit-Sharing Plans | - | |
| Repairs and Maintenance | - | |
| Rent and Lease Expense | - | 6,800 |
| Salaries/Commissions/Fees | - | 106,341 |
| Supplies | - | |
| Taxes - Payroll | - | - |
| Taxes - Real Estate | - | - |
| Taxes - Other | - | - |
| Travel and Entertainment | - | - |
| Utilities | - | (10,590) |
| Other (attach schedule) - see below | - | - |
| Total Operating Expenses Before Depreciation | 2,463 | 141,131 |
| Depreciation/Depletion/Amortization | - | 33,880 |
| Net Profit(Loss) Before Other Income & Expenses | (2,463) | (258,887) |
| OTHER INCOME AND EXPENSES | | |
| Other (Income)/Expense (attach schedule) | - | - |
| Interest Expense | | 47,395 |
| Other Expense (attach schedule) | - | |
| Net Profit (Loss) Before Reorganization Items | (2,463) | (306,283) |
| REORGANIZATION ITEMS | | |
| Professional Fees | 75,000 | 75,000 |
| U.S. Trustee Quarterly Fees | | 4,875 |
| Interest Earned on Accumulated Cash from Chapter 11 | - | - |
| Gain(Loss) from Sale of Equipment | - | (209,111) |
| Other Reorganization Expenses (attach schedule) | - | - |
| Total Reorganization Expenses | 75,000 | 288,986 |
| Income Taxes | - | |
| Net Profit(Loss) | (77,463) | (595,269) |

* "Insider" is defined in 11 U.S.C. Section 101(31).

MOR-3
9/04

Lindsay Lampasona, LLC                    Case No.          11-19747-JNF
Debtor                                    Reporting Period  2/1/12-2/29/12

### STATEMENT OF OPERATIONS - continuation sheet

| BREAKDOWN OF "OTHER" CATEGORY | Month | Cumulative Filing to Date |
|---|---|---|
| Other Costs | | |
| | | 0 |
| | | 0 |
| Other Operational Expenses | | |
| | | 0 |
| | | 0 |
| Other Income | | |
| | | 0 |
| | | 0 |
| Other Expenses | | |
| | | 0 |
| | | 0 |
| Other Reorganization Expenses | | |
| | | 0 |
| | | 0 |
| | | 0 |

**Reorganization Items - Interest Earned on Accumulated Cash from Chapter 11:**
Interest earned on cash accumulated during the chapter 11 case, which would not have been
earned but for the bankruptcy proceeding, should be reported as a reorganization item.

                                                                    MOR-3
       SEE NOTE ON PREVIOUS PAGE                                    9/04

Lindsay Lampasona, LLC
Debtor

Case No.                    11-19747-JNF
Reporting Period            2/1/12-2/29/12
BALANCE SHEET

The Balance Sheet is to be completed on an accrual basis only.  Pre-petition liabilities must be classified separately from postpetition obligations.

| ASSETS | BOOK VALUE AT END OF CURRENT REPORTING MONTH | BOOK VALUE ON PETITION DATE |
|---|---|---|
| CURRENT ASSETS | | |
| Unrestricted Cash and Equivalents | 123,804 | 11,835 |
| Restricted Cash and Cash Equivalents | 330,000 | |
| Accounts Receivable (Net) | 877,777 | 1,232,397 |
| Notes Receivable | - | - |
| Inventories | - | - |
| Prepaid Expenses | - | - |
| Professional Retainers | - | - |
| Other Current Assets (attach schedule) | - | - |
| TOTAL CURRENT ASSETS | 1,331,581 | 1,244,232 |
| PROPERTY AND EQUIPMENT | | |
| Real Property and Improvements | - | - |
| Machinery and Equipment | - | 1,260,515 |
| Furniture, Fixtures and Office Equipment | - | 52,209 |
| Leasehold Improvements | - | 7,312 |
| Vehicles | - | - |
| Less Accumulated Depreciation | - | (522,822) |
| TOTAL PROPERTY & EQUIPMENT | - | 797,214 |
| OTHER ASSETS | | |
| Loans to Insiders | 1,118,532 | 1,118,532 |
| Other Assets (attach schedule) | | |
| TOTAL OTHER ASSETS | 1,118,532 | 1,118,532 |
| TOTAL ASSETS | 2,450,113 | 3,159,979 |

| LIABILITIES AND OWNER EQUITY | BOOK VALUE AT END OF CURRENT REPORTING MONTH | BOOK VALUE ON PETITION DATE |
|---|---|---|
| LIABILITIES NOT SUBJECT TO COMPROMISE (Post-Petition) | | |
| Accounts Payable | 547,639 | - |
| Taxes Payable | - | - |
| Wages Payable | - | - |
| Notes Payable | - | - |
| Rent / Leases - Building/Equipment | - | - |
| Secured Debt / Adequate Protection Payments | - | - |
| Professional Fees | 75,000 | - |
| Amounts Due to Insiders | - | - |
| Other Postpetition Liabilities (attach schedule) | - | - |
| TOTAL POST-PETITION LIABILITIES | 622,639 | - |
| LIABILITIES SUBJECT TO COMPROMISE (Pre-Petition) | | |
| Secured Debt | 2,570,195 | 2,835,648 |
| Priority Debt | - | - |
| Unsecured Debt | 2,285,555 | 2,765,204 |
| TOTAL PRE-PETITION LIABILITIES | 4,855,750 | 5,600,851 |
| | | |
| TOTAL LIABILITIES | 5,478,389 | 5,600,851 |
| OWNER EQUITY | | |
| Capital Stock | - | - |
| Additional Paid-in Capital | - | - |
| Partners' Capital Account | 77,261 | 71,481 |
| Owner's Equity Account | - | - |
| Retained Earnings - Pre-Petition | (2,510,288) | (2,512,354) |
| Retained Earnings - Postpetition | (595,269) | - |
| Adjustments to Owner Equity (attach schedule) | - | - |
| Post-Petition Contributions (Distributions) (Draws) | - | - |
| Net Owner Equity | (3,028,276) | (2,440,873) |
| | | |
| TOTAL LIABILITIES AND OWNERS' EQUITY | 2,450,113 | 3,159,979 |

Insider is defined in 11 U.S.C. Section 101(31)

MOR-4
9/04

Lindsay Lampasona, LLC                 Case No.                      11-19747-JNF
Debtor                                 Reporting Period              2/1/12-2/29/12

### BALANCE SHEET - continuation sheet

| ASSETS | BOOK VALUE AT END OF CURRENT REPORTING MONTH | BOOK VALUE ON PETITION DATE |
|---|---|---|
| Other Current Assets | | |
| | | |
| | | |
| Other Assets | | |
| | | |
| | | |

| LIABILITIES AND OWNER EQUITY | BOOK VALUE AT END OF CURRENT REPORTING MONTH | BOOK VALUE ON PETITION DATE |
|---|---|---|
| Other Postpetition Liabilities | | |
| | | |
| | | |
| Adjustments to Owner Equity | | |
| | | |
| | | |
| Postpetition Contributions (Distributions) (Draws) | | |

Restricted Cash: cash that is restricted for a specific use and not available to fund operations.                MOR-4
Typically, restricted cash is segregated into a separate account, such as an escrow account.                      9/04

Lindsay Lampasona, LLC          Case No      11-19747-JNF
Debtor                          Reporting Period  2/1/12-2/29/12

## STATUS OF POST-PETITION TAXES

The beginning tax liability should be the ending liability from the prior month or, if this is the first report, the amount should be zero.
Attach photocopies of IRS Form 6123 and all applicable state and local forms and/or all federal, state, and local payment receipts
to verify payment of taxes. Attach photocopies of any tax returns filed during the reporting period.

| | Beginning Tax Liability | Amount Withheld or Accrued | Amount Paid | Date Paid | Check No. or EPT | Ending Tax Liability |
|---|---|---|---|---|---|---|
| Federal | | | | | · | |
| Income Tax Withholding | · | · | · | | | · |
| FICA-Employee | · | · | · | | | · |
| FICA-Employer | · | · | · | | | · |
| Unemployment | · | · | · | | | · |
| Income | · | · | · | | | · |
| Other | · | · | · | | | · |
| Total Federal Taxes | · | · | · | | · | · |
| State and Local | | | | | | |
| Income Tax Withholding | · | · | · | | | · |
| Sales | · | · | · | | | · |
| Excise | · | · | · | | | · |
| Unemployment | · | · | · | | | · |
| Real Property | · | · | · | | | · |
| Personal Property | · | · | · | | | · |
| Other | · | · | · | | | · |
| Total State and Local | · | · | · | | | · |
| Withholding for Employee Healthcare | · | · | · | | | · |
| Premiums, Pensions & Other Benefits | · | · | · | | | · |
| Total Taxes | | | | | | |

## SUMMARY OF UNPAID POST-PETITION DEBTS

Attach aged listing of accounts payables

| | Number of Days Past Due | | | | | |
|---|---|---|---|---|---|---|
| | 0-30 | 31-60 | 61-90 | 91+ | Retainage | Total |
| Accounts Payable | 167,320 | 38,877 | 75,157 | 266,284 | · | 547,639 |
| Wages Payable | · | · | · | · | | · |
| Taxes Payable | · | · | · | · | | · |
| Rent/Leases-Building | · | · | · | · | | · |
| Rent/Leases-Equipment | · | · | · | · | | · |
| Secured Debt/Adequate Protection Payments | · | · | · | · | | · |
| Professional Fees | · | · | · | · | | · |
| Amounts Due to Insiders* | · | · | · | · | | · |
| Other: See Attached Worksheet | · | | | | | · |
| Other: | · | · | · | · | | · |
| Total Postpetition Debts | 167,320 | 38,877 | 75,157 | 266,284 | · | 547,638 |

Explain how and when the Debtor intends to pay any past-due post-petition debts.

_____
_____
_____

**Insider" is defined in 11 U.S.C. Section 101(31).

MOR-5
9/04

Lindsay Lampasona, LLC
Debtor

Case No.                11-19747-JNF
Reporting Period    2/1/12-2/29/12

Accounts Payable Listing

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| Aggregate | 0.00 | 0.00 | 17,020.00 | 78,377.75 | 140,805.00 | 236,202.75 |
| Aggregate Joint Check | | | | -39,067.50 | -140,805.00 | -179,872.50 |
| Comcast | 0.00 | 0.00 | 0.00 | 0.00 | -11.00 | -11.00 |
| Contractors Supply | 0.00 | 0.00 | 3,187.95 | 19,541.37 | 22,081.08 | 44,810.40 |
| Contractors Joint Check | | | | -14,780.86 | -22,081.08 | -36,861.94 |
| Crystal Rock | 0.00 | 0.00 | 0.00 | 0.00 | 16.20 | 16.20 |
| Pinard | 0.00 | 15.00 | 0.00 | 0.00 | 0.00 | 15.00 |
| Rebars & Mesh | 0.00 | 0.00 | 4,291.00 | 5,675.00 | 1,814.00 | 11,780.00 |
| Rebar Joint Check | | | | -2,300.00 | -1,814.00 | -4,114.00 |
| Reeds Ferry Lumber | 0.00 | 96.50 | 211.61 | 1,530.75 | 0.00 | 1,838.86 |
| Reed Joint Check | | | | -1,083.25 | | -1,083.25 |
| Rykor Concrete & Civil | 167,320.26 | 38,765.05 | 50,446.85 | 169,391.00 | 60,000.00 | 485,923.16 |
| Sprint | 0.00 | 0.00 | 0.00 | -364.00 | -10,888.07 | -11,252.07 |
| Williams | 0.00 | 0.00 | 0.00 | 0.00 | 247.00 | 247.00 |
| TOTAL | 167,320.26 | 38,876.55 | 75,157.41 | 216,920.26 | 49,364.13 | 547,638.61 |

Lindsay Lampasona, LLC                    Case No.          11-19747-JNF
Debtor                                    Reporting Period  2/1/12-2/29/12

## ACCOUNTS RECEIVABLE RECONCILIATION AND AGING

| ACCOUNTS RECEIVABLE RECONCILIATION | Amount |
|---|---|
| Total Accounts Receivable at the beginning of the reporting period | 942,795 |
| + Amounts billed during the period | 167,320 |
| - Amounts collected during the period | (232,338) |
| Total Accounts Receivable at the end of the reporting period | 877,777 |

| Accounts Receivable Aging | Amount |
|---|---|
| 0 - 30 days old | 111,018 |
| 31 - 60 days old | 47,936 |
| 61 - 90 days old | 92,255 |
| 91+ days old | 334,089 |
| Retainage | 491,771 |
| Total Accounts Receivable | 1,077,070 |
| Amount considered uncollectible (Bad Debt) | (199,293) |
| Accounts Receivable (Net) | 877,777 |

MOR-6
9/04



# Citizens Bank

PO Box 7000
ROP-450
Providence RI 02940



**1-800-862-6200**
Please call us anytime for answers to your
questions, account information, current rates
or to update your address & phone number.

**Business Partners II
Account Statement**



**1** OF 2

Beginning February 01, 2012
through February 29, 2012

## Contents

Summary                          Page      1
Checking                         Page      2

AT 01 020181 40944B 79 A**3DGT
սիլԱՄելիսիլիսիԱիսիլիԱլիիսլիԱլիիսիլԱիլիսԱլիիսիիԱի
LINDSAY LAMPASONA LLC
DIP CHP 11 BKCY CASE 11-19747-JNF
6 SHIRE DR
NORFOLK MA 02056-1580

---

## Business Partners Checking II Summary

US259    1      1

LINDSAY LAMPASONA LLC
DIP CHP 11 BKCY CASE 11-19747-
**Business Partners Checking II**
XXXXXXX914-7

| Account | Account Number | Balance Last Statement | Balance This Statement |
|---|---|---|---|
| **DEPOSIT BALANCE** | | | |
| **Checking** | | | |
| Business Partners Checking II | XXXXXXX914-7 | 20,269.70 | .00 |


Total Deposit Balance
.00


Total Relationship Balance
.00

Member FDIC    Equal Housing Lender

 **Citizens Bank**

**Business Partners II**
**Account Statement**

**1-800-862-6200**
Please call us anytime for answers to your
questions, account information, current rates
or to update your address & phone number.

 OF   2

Beginning February 01, 2012
through February 29, 2012

## Commercial Checking

SUMMARY

LINDSAY LAMPASONA LLC
DIP CHP 11 BKCY CASE 11-19747-
**Business Partners Checking II**
XXXXXXX914-7

**Balance Calculation**

| | |
|---|---|
| Previous Balance | 20,269.70 |
| Checks | .00 - |
| Debits | 30,127.19 - |
| Deposits & Credits | 9,857.49 + |
| **Current Balance** | .00 = |

Previous Balance

20,269.70

TRANSACTION DETAILS

**Debits**

**Other Debits**

| Date | Amount | Description |
|---|---|---|
| 02/13 | 30,127.19 | Closing Withdrawal |

Total Debits

30,127.19

**Deposits & Credits**

| Date | Amount | Description |
|---|---|---|
| 02/02 | 8,072.49 | Deposit |
| 02/09 | 1,785.00 | Deposit |

Total Deposits & Credits

9,857.49

Current Balance

.00

**Daily Balance**

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 02/02 | 28,342.19 | 02/09 | 30,127.19 | 02/13 | .00 |

MEMO

--Important Information: The Monthly Maintenance Fee on your Business Savings or TCB Savings
account can be waived by maintaining a $1,000 minimum daily balance in your account or by
utilizing an automatic savings plan that transfers at least $50 to your account every
statement period. We can help you set up an automatic savings plan using Steady Save(R) or
using Repeating Transfers through Online Banking.
Please call the number at the top of your statement or stop by your nearest branch for
assistance.

NEWS FROM CITIZENS

--At Citizens Bank, we believe our business customers should get the most value from their
banking relationship. Starting February 18th for a limited time, when you take advantage of
our other valuable products and services you can get up to $350. For details, call
1-800-862-6200, go to citizensbank.com/business or talk to your business banker today.
--Give help. Give hope. Be inspired. Please join us in saluting our new Champion in Action
at citizensbank.com/community.

Member FDIC    Equal Housing Lender

# Citizens Bank
PO Box 7000
ROP-450
Providence RI 02940

**1-800-862-6200**
Please call us anytime for answers to your
questions, account information, current rates
or to update your address & phone number.

Business Partners II
Account Statement

 OF 3

Beginning February 01, 2012
through February 29, 2012

## Contents

Summary        Page    1
Checking       Page    2
Check Images   Page    3

AT 01 020179 40944B 79 A**3DGT
|ı||ı||ıı|||ıı|ılıılı|ıı||||ıılıı|||||ıılı||ı||ıırııı||ıı||ı|ı|
LINDSAY LAMPASONA LLC
DIP CHPT 11 BKCY CASE 11-19747-JNF
6 SHIRE DR
NORFOLK MA 02056-1580

## Business Partners Checking II Summary

US259   4   1

LINDSAY LAMPASONA LLC
DIP CHPT 11 BKCY CASE 11-19747
Business Partners Checking II
XXXXXXX913-9

| Account | Account Number | Balance Last Statement | Balance This Statement |
|---|---|---|---|
| **DEPOSIT BALANCE** | | | |
| **Checking** | | | |
| Business Partners Checking II | XXXXXXX913-9 | 61,286.38 | 38,811.87 |

**Total Deposit Balance**
38,811.87

| | | |
|---|---|---|
| Monthly combined balance to waive monthly fee is | 25,000.00 | |
| Your monthly combined balance this statement period is | 36,675.67 | |

**Total Relationship Balance**
38,811.87

Member FDIC   Equal Housing Lender

# 🏦 Citizens Bank

Business Partners II
Account Statement

1-800-862-6200
Please call us anytime for answers to your
questions, account information, current rates
or to update your address & phone number.

OF   3

Beginning February 01, 2012
through February 29, 2012

## Commercial Checking

SUMMARY

LINDSAY LAMPASONA LLC
DIP CHPT 11 BKCY CASE 11-19747
**Business Partners Checking II**
XXXXXXX913-9

### Balance Calculation

| | | |
|---|---|---|
| Previous Balance | 61,286.38 | |
| Checks | 53,125.13 | - |
| Debits | 25.32 | - |
| Deposits & Credits | 30,675.94 | + |
| Current Balance | 38,811.87 | = |

Previous Balance

61,286.38

### TRANSACTION DETAILS

**Checks·** *There is a break in check sequence*

| Check # | Amount | Date | Check # | Amount | Date |
|---|---|---|---|---|---|
| 1013 | 53.13 | 02/06 | 1019 | 2,261.00 | 02/24 |
| 1018* | 50,000.00 | 02/06 | 1020 | 811.00 | 02/27 |

Total Checks

53,125.13

### Debits
**Other Debits**

| Date | Amount | Description | | |
|---|---|---|---|---|
| 02/29 | 25.32 | Service Charge (1) | | |
| | | Cash Dep/Currency Orders | $30,127-$20,000 Free | $25.32 |

Total Debits

25.32

### Deposits & Credits

| Date | Amount | Description |
|---|---|---|
| 02/13 | 30,127.19 | Deposit |
| 02/13 | 548.75 | Deposit |

Total Deposits & Credits

30,675.94

Current Balance

38,811.87

### Daily Balance

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 02/06 | 11,233.25 | 02/24 | 39,648.19 | 02/29 | 38,811.87 |
| 02/13 | 41,909.19 | 02/27 | 38,837.19 | | |

### MEMO

--Important Information: The Monthly Maintenance Fee on your Business Savings or TCB Savings
account can be waived by maintaining a $1,000 minimum daily balance in your account or by
utilizing an automatic savings plan that transfers at least $50 to your account every
statement period. We can help you set up an automatic savings plan using Steady Save(R) or
using Repeating Transfers through Online Banking.
Please call the number at the top of your statement or stop by your nearest branch for
assistance.

### NEWS FROM CITIZENS

--At Citizens Bank, we believe our business customers should get the most value from their
banking relationship. Starting February 18th for a limited time, when you take advantage of
our other valuable products and services you can get up to $350. For details, call
1-800-862-6200, go to citizensbank.com/business or talk to your business banker today.
--Give help. Give hope. Be inspired. Please join us in saluting our new Champion in Action
at citizensbank.com/community.

Member FDIC   Equal Housing Lender



### Citizens Bank

Business Partners II
Account Statement

**1-800-862-6200**

Please call us anytime for answers to your
questions, account information, current rates
or to update your address & phone number.

 OF 3

Beginning February 01, 2012
through February 29, 2012

Images for account XXXXXXX913-9

| Check | Date | Amount |
|-------|------|--------|
| 1013 | 02/06/2012 | $53.13 |
| 1018 | 02/06/2012 | $50000.00 |
| 1019 | 02/24/2012 | $2261.00 |
| 1020 | 02/27/2012 | $811.00 |

Member FDIC    Equal Housing Lender

ACORD®

# CERTIFICATE OF LIABILITY INSURANCE Page 1 of 1

| | DATE (MM/DD/YYYY) |
|---|---|
| | 01/05/2012 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | | CONTACT NAME: | | | |
|---|---|---|---|---|---|
| Willis of Massachusetts, Inc. 26 Century Blvd. P. O. Box 305191 Nashville, TN  37230-5191 | | PHONE (A/C, No, Ext): 877-945-7378 | | FAX (A/C, No): 888-467-2378 | |
| | | E-MAIL ADDRESS: certificates@willis.com | | | |
| | | INSURER(S) AFFORDING COVERAGE | | | NAIC # |
| | | INSURER A: National Fire Insurance Company of Hartfo | | | 20478-001 |
| INSURED | | INSURER B: Continental Casualty Company | | | 20443-001 |
| Lindsay Lampasona LLC 6 Shire Drive Norfolk, MA  02056 | | INSURER C: | | | |
| | | INSURER D: | | | |
| | | INSURER E: | | | |
| | | INSURER F: | | | |

## COVERAGES          CERTIFICATE NUMBER: 17312183          REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADD'L INSRD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY | | | 4024697011 | 6/30/2010 | 1/15/2012 | EACH OCCURRENCE | $ 1,000,000 |
| | X  COMMERCIAL GENERAL LIABILITY | | | | | | DAMAGE TO RENTED PREMISES (Ea occurence) | $ 300,000 |
| | CLAIMS-MADE  X  OCCUR | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | POLICY  X  PRO-JECT  LOC | | | | | | | $ |
| | AUTOMOBILE LIABILITY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ALL OWNED AUTOS  SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | HIRED AUTOS  NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| B | X  UMBRELLA LIAB  X  OCCUR | | | 4024697042 | 6/30/2010 | 1/15/2012 | EACH OCCURRENCE | $ 5,000,000 |
| | EXCESS LIAB  CLAIMS-MADE | | | | | | AGGREGATE | $ 5,000,000 |
| | DED  X  RETENTION $  10,000 | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY  Y/N | | | | | | WC STATU-TORY LIMITS  OTHER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH)  N/A | | | | | | E.L. EACH ACCIDENT | $ |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach Acord 101, Additional Remarks Schedule, if more space is required)
Evidence of Insurance

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Lindsay Lampasona, LLC. 6 Shire Drive Norfolk, MA  02056-0700 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. AUTHORIZED REPRESENTATIVE |

Coll:3593773  Tpl:1394155  Cert:17312183    © 1988-2010 ACORD CORPORATION. All rights reserved.

ACORD 25 (2010/05)           The ACORD name and logo are registered marks of ACORD

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (Eastern Division)

| | |
|---|---|
| In re:<br><br>**LINDSAY LAMPASONA, LLC,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 11-19747-JNF** |

**SEVENTH INTERIM ORDER WITH RESPECT TO
MOTION FOR ENTRY OF ORDER (1) AUTHORIZING THE USE
OF CASH COLLATERAL, (2) GRANTING REPLACEMENT
LIENS, (3) SCHEDULING A HEARING ON THE FURTHER USE
OF CASH COLLATERAL, (4) AUTHORIZING THE PAYMENT
OF PRE-PETITION CLAIMS, (5) AUTHORIZING
POST-PETITION ADVANCES, AND (6) GRANTING OTHER RELIEF**

This matter having been brought before the Court on the *Motion For Entry of Order (1) Authorizing The Use Of Cash Collateral, (2) Granting Replacement Liens, (3) Scheduling A Hearing On The Further Use Of Cash Collateral, (4) Authorizing The Payment Of Pre-Petition Claims, (5) Authorizing Post-Petition Advances, And (6) Granting Other Relief* (the "Cash Collateral Motion") [docket no. 8] filed by Lindsay Lampasona, LLC (the "Debtor"); and the Court having held hearings on the Motion; and good cause having been shown for the entry of this order,

**THE COURT FINDS AS FOLLOWS:**

      A.      This Court has jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1). Venue of these proceedings and the Bankruptcy Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      On October 14, 2011 (the "Petition Date"), the Debtor filed a voluntary petition
for relief under Chapter 11 of the Bankruptcy Code.

C.      Prior to the Petition Date, the Debtor entered into certain loan arrangements (as
amended and in effect, collectively, the "Loan Arrangements") with the Bank of Canton
("Canton") in the aggregate original principal amount of $673,285.05. In addition, the Debtor
executed a guaranty of the indebtedness of one of its co-owners, Lampasona Concrete
Corporation, to Canton.

D.      Canton asserts that the Debtor's obligations to Canton are secured by a certain
Security Agreement dated April 9, 2009 granted by the Debtor to Canton encumbering
substantially all of the Debtor's personal property.

E.      On October 19, 2011, the Debtor filed the *Debtor's Motion (A) to Authorize
Debtor to Effectuate Purchase and Sale Agreement with Rykor Concrete & Civil Inc.; (B) to
Authorize Sale of Assets by Private Sale Free and Clear of Liens, Claims and Interests; (C) to
Authorize the Assumption and Assignment of Executory Contracts, and (D) for Related Relief*,
which was subsequently amended by order of this Court on November 22, 2011 (the "Sale
Motion"), pursuant to which the Debtor proposed, among other things, to sell substantially all of
its tangible assets to Rykor Concrete & Civil Inc. The Sale Motion was approved on December
30, 2011.

F.      The Debtor and J. Derenzo Co. ("Derenzo") are parties to an executory contract
whereby the Debtor is supplying concrete foundation and other work at a construction project in
Merrimack, New Hampshire (the "Project").

G.      On October 27, 2011, the Debtor filed its *Supplement to Motion For Entry of
Order (1) Authorizing The Use of Cash Collateral, (2) Granting Replacement Liens,*

2

*(3) Scheduling a Hearing on The Further Use of Cash Collateral, (4) Authorizing The Payment*

*of Pre-Petition Claims, (5) Authorizing Post-Petition Advances, And (6) Granting Other Relief*

(the "Supplement") [docket no. 45]. In the Supplement, the Debtor, among other things, listed

both its outstanding profitable construction projects (the "Profitable Projects") and the unpaid

subcontractors and suppliers who provided goods and services on those profitable projects

(collectively the "Subcontractors").

      H.      The Debtor asserts that the counter-parties to the Debtor's contracts for the

Profitable Projects hold, among other things, rights of recoupment that will prevent the Debtor

from collecting its accounts receivable on the Profitable Projects unless the respective

Subcontractors on the Profitable Projects are first paid.

      I.      Canton and Derenzo objected to the Cash Collateral Motion. Canton and Derenzo

have, nevertheless, agreed to the relief previously granted in various orders authorizing the

Debtor's use of cash collateral and other relief (collectively the Interim Orders"). *See* docket

nos. 38, 54, 95, 108, 117 and 135. Canton and Derenzo agree to the interim relief set forth in this

order, without prejudice to their right to continue to oppose the Cash Collateral Motion.

      **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**

**AS FOLLOWS:**

      1.      The Debtor is authorized to use the proceeds of the November, 2011 requisition

on the Project (the "November Requisition") to pay the following creditors in the following

amounts:

          a.      Aggregate Industries – $179,872.50;

          b.      Contractor's Supply – $36,861.94;

          c.      Rebars & Mesh – $4,114.00; and

     d.     Reeds Ferry Lumber – $1,083.25. _____ 221,931.69

2.     All remaining proceeds of the November Requisition shall be held in reserve by Derenzo pending further order of this Court. No other cash collateral may be used by the Debtor absent further order of this Court or a written agreement between the Debtor and Canton. This order is not intended to supersede the provisions of the Interim Orders, but instead is intended to supplement them; provided that if the terms of this order conflict with the terms of the Interim Orders, the terms of this order shall control. The payments listed in paragraph 1 are made without regard for and expressly reserving: (a) any claims that Derenzo may have against the Debtor relating to the Project, and (b) any claims and defenses that the Debtor may have against Derenzo, including, without limitation, claims for violation of the automatic stay and claims for unbilled amounts for goods and services supplied to the Project.

3.     None of the parties listed on <u>Exhibit B</u> to the cash collateral order appearing at docket number 54 shall receive a salary from the Debtor during the Cash Collateral Period.

4.     Canton shall be granted replacement liens on the same types of post-petition property of the estates against which Canton held liens as of the Petition Date for the use of any cash collateral. The replacement liens shall maintain the same priority, validity and enforceability as Canton's prepetition liens and shall be recognized only to the extent of the diminution in value of Canton's pre-petition collateral after the Petition Date resulting from the Debtor's use of the cash collateral during the bankruptcy case. Canton shall also have a claim pursuant to §§503(b) and 507(b) of the Bankruptcy Code to the extent that the use of Canton's cash collateral results in diminution of Canton's interest in cash collateral as of the Petition Date after taking into account the value of any adequate protection payments paid to Canton, and the replacement liens being provided by this Paragraph 4.

5.      Except as may be provided or allowed by a further order of this Court, the

Debtor's right to use Canton's cash collateral shall terminate upon the material breach by the

Debtor of any of the terms, conditions, or covenants of this Order, which failure continues for

three (3) business days after delivery of written notice by Canton or Derenzo of such failure to

counsel to the Debtor, Canton, Derenzo, and the UST.

6.      To the extent that a written notice is served by Canton and/or Derenzo under

Paragraph 5 above, and the Debtor disputes either the existence of a breach of the terms of the

Order or the satisfactory nature of any cure, the Debtor shall be entitled to request an emergency

hearing to address those issues.

7.      Nothing contained in this Order is intended to be, nor shall be construed as, a

waiver of (a) Canton's right to object to any fee application, and (b) Canton's right to object to

the payment of any professional fees from its cash collateral.

[this space intentionally left blank]

8.    The relief granted in this order is interim in nature, and shall not prejudice the

right of any creditor or party in interest with standing, including Canton, Derenzo, the Office of

the United States Trustee and any statutory committee, to oppose the Cash Collateral Motion

and/or the Sale Motion.

*Joan N. Feeney*

Hon. Joan N. Feeney
United States Bankruptcy Judge

Dated: ~~February~~ *March 15*, 2012

Assented to:

LINDSAY LAMPASONA LLC

By its counsel,


/s/ D. Ethan Jeffery
D. Ethan Jeffery (BBO #631941)
Murphy & King, P.C.
One Beacon Street
Boston, MA 02108
(617) 423-0400 (Phone)
(617) 423-0498 (Fax)
dej@murphyking.com

BANK OF CANTON

By its counsel,



/s/ Christopher Candon
Jeffrey D. Ganz (BBO #_____)
Christopher Candon (BBO #_____)
Riemer & Braunstein, LLP
Three Center Plaza
Boston, MA 02108
(617) 523-9000 (Phone)
(617) 880-3456 (Fax)

619692

J. DERENZO CO.

By its counsel,


/s/ Paul F. O'Donnell
Paul F. O'Donnell, III (BBO #552456)
Jennifer V. Doran (BBO #652518)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000 (Phone)
(617) 345-9020 (Fax)