UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LINDSAY LAMPASONA, LLC, | ) | Case No. 11-19747-JNF |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

OBJECTION TO UNITED STATES TRUSTEES' MOTION TO CONVERT DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7 OR TO DISMISS CASE

Rykor Concrete & Civil, Inc. ("**Rykor**") files this instant objection (this "**Objection**") to the United States Trustees' Motion to Convert Debtor's Chapter 11 Case to Chapter 7 or to Dismiss Case (the "**Motion**"). In support of this Objection, Rykor respectfully states as follows:

1. Beginning in October 2011, Rykor performed certain work on behalf of the Debtor in connection with the construction of a shopping center in Merrimack, New Hampshire (the "**MPO Project**").

2. Rykor has completed substantially all of the work associated with the MPO Project, incurring significant labor costs. For its work in connection with the MPO Project, Rykor believes that it is owed payment in the gross amount of at least $347,000. While the Debtor asserts, and Rykor acknowledges, that the Debtor may have certain setoff rights with respect to the amount owed to Rykor, the parties have not yet been able to agree to the specific amount of such setoffs.

3. As of the date hereof, Rykor has not been paid *any* amount for its work on the MPO Project.

4. In addition to the amounts owed in connection with the MPO Project, Rykor is owed certain additional amounts by the Debtor. First, in connection with the sale of the Debtor's

assets to Rykor in December 2011 (the "**Sale**"), Rykor paid to the Debtor a good faith deposit of $10,000. At closing, Rykor was supposed to pay to the Debtor the purchase price net of the deposit, but instead, Rykor mistakenly paid the gross purchase price to the Debtor. Despite several demands for the return of the $10,000 overpayment, the Debtor has yet to return the same to Rykor. Second, as part of the Sale, Rykor purchased several vehicles, with respect to which the Debtor represented and warranted that it was the "sole owner" of, among other things, such vehicles, and could convey such vehicles to Rykor pursuant to the Sale Order "free and clear" of liens. However, in February 2012, several of the vehicles sold to Rykor were repossessed by the Norfolk County Sherriff on behalf of a secured creditor who claims an interest in such vehicles.

5. In connection with the Sale, this Court ordered that the Debtor retain at least $330,000 of the Sale proceeds in the Bankruptcy estate until further order of the Court. On information and belief, such funds remain in the Debtor's estate.

6. If a Chapter 7 Trustee is appointed at this time, it is not clear to Rykor that there will be sufficient funds to pay Rykor's administrative expense claims in full. In light of the fact that (a) Rykor performed work that provided a substantial benefit to the Debtor's estate, yet appears to be the only Chapter 11 subcontractor that has not received payment for the work it performed, (b) has a claim against the Debtor arising from a mistaken overpayment in connection with the Sale, which the Debtor does not dispute, and (c) has claims against the Debtor arising from misrepresentations made by the Debtor in connection with the Sale and the repossessed vehicles, such result would be patently unfair to Rykor.

7. Until such time as Rykor has been compensated in full for its Chapter 11 administrative expenses, which include (i) amounts owed in connection with Rykor's work on the MPO Project, (ii) the return of the $10,000 deposit in connection with the Sale, and (iii) an

amount equal to the harm suffered by Rykor due to the loss of the Repossessed Vehicles, Rykor objects to the conversion or dismissal of the Debtor's case.

WHEREFORE, Rykor requests that the Court (a) deny the Motion and (b) grant Rykor such other and further relief as this Court deems appropriate.

| | |
|---|---|
| Dated:    April 30, 2012 | Respectfully submitted: |
| | RYKOR CONCRETE & CIVIL, INC. |
| | By its attorneys, |
| | /s/ Lisa E. Herrington<br>Paul D. Popeo  (BBO No. 567727)<br>Lisa E. Herrington, Esq. (BBO No. 655678)<br>CHOATE HALL & STEWART LLP<br>Two International Place<br>Boston, MA 02110<br>Tel.: (617) 248-5000<br>Fax: (617) 248-4000<br>Email:  lherrington@choate.com |

5126842v1