UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LINDSAY LAMPASONA, LLC, | ) | Case No. 11-19747-JNF |
| | ) | |
| Debtor. | ) | |
| | ) | |

OBJECTION TO MOTION TO APPROVE STIPULATION BETWEEN
DEBTOR, LINDSAY LAMPASONA, LLC, AND J. DERENZO CO.
REGARDING AMENDMENT OF SUBCONTRACT

Rykor Concrete & Civil, Inc. ("**Rykor**") files this instant objection (this "**Objection**") to

the motion filed by Lindsay Lampasona, LLC (the "**Debtor**") pursuant to which the Debtor seeks

approval of a stipulation (the "**Stipulation**") between the Debtor and J. Derenzo Co.

("**Derenzo**").  Capitalized terms used herein and not otherwise defined shall have the meanings

ascribed thereto in the Motion.  In support of this Objection, Rykor respectfully states as follows:

1.      In October 2011, Rykor and the Debtor agreed that Rykor would perform certain

work on behalf of the Debtor in connection with the MPO Project.

2.      Rykor began to perform work on behalf of the Debtor in connection with the

MPO Project in late October 2011.

3.      Without Rykor's work on the MPO Project on behalf of the Debtor, the Debtor

would not have completed the Foundation Work.

4.      Rykor has completed substantially all of the work associated with the MPO

Project, incurring significant labor costs.  For its work in connection with the MPO Project,

Rykor believes that it is owed payment in the gross amount of at least $347,000.[1]   While the

Debtor asserts, and Rykor acknowledges, that the Debtor may have certain setoff rights with

respect to the amount owed to Rykor, the parties have not yet been able to agree to the specific

amount of such setoffs.

5.      As of the date hereof,  Rykor has not been paid *any* amount for its work on the

MPO Project.  The Debtor's failure to pay Rykor for worked performed over the past six months

has created significant hardships for Rykor.

6.      In connection with the Sale, this Court ordered that the Debtor retain at least

$330,000 of the Sale proceeds in the Bankruptcy estate until further order of the Court.

7.      Despite the fact that Rykor's work has been essential to the progress of the MPO

Project, neither Derenzo nor the Debtor have paid any amount to Rykor.   Meanwhile, the

Debtor's other subcontractors on the MPO Project appear to have been receiving regular

payments, and the Stipulation provides for further payments to such subcontractors.

8.      As Rykor has not been paid any amount in connection with the work it has

performed, and the Stipulation does not make any provision for payment to Rykor on account of

such work, Rykor hereby objects to the Motion.

9.      Rykor reserves all of its rights and remedies under applicable law with respect to

this matter.

---

[1] In addition to the amounts owed in connection with the MPO Project, Rykor is owed certain additional amounts by
the Debtor.  First, in connection with the sale of the Debtor's assets to Rykor in December 2011 (the "**Sale**"), Rykor
paid to the Debtor a good faith deposit of $10,000.  At closing, Rykor was supposed to pay to the Debtor the
purchase price net of the deposit, but instead, Rykor paid the gross purchase price to the Debtor.  Despite several
demands for the return of the $10,000 overpayment, the Debtor has yet to return the same to Rykor.  Second, as part
of the Sale, Rykor purchased several vehicles, with respect to which the Debtor represented and warranted that it
was the "sole owner" of, among other things, such vehicles, and could convey such vehicles to Rykor pursuant to
the Sale Order "free and clear" of liens.  However, in February 2012, several of the vehicles sold to Rykor were
repossessed by the Norfolk County Sherriff on behalf of a secured creditor who claims an interest in such vehicles.
To date, the vehicles have not been returned to Rykor.

WHEREFORE, Rykor requests that the Court (a) deny the Motion and (b) grant Rykor

such other and further relief as this Court deems appropriate.

Dated:     April 30, 2012                          Respectfully submitted:

                                                   RYKOR CONCRETE & CIVIL, INC.

                                                   By its attorneys,


                                                   /s/ Lisa E. Herrington_____
                                                   Paul D. Popeo  (BBO No. 567727)
                                                   Lisa E. Herrington, Esq. (BBO No. 655678)
                                                   CHOATE HALL & STEWART LLP
                                                   Two International Place
                                                   Boston, MA 02110
                                                   Tel.: (617) 248-5000
                                                   Fax: (617) 248-4000
                                                   Email:  lherrington@choate.com