UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LINDSAY LAMPASONA, LLC, | ) | Case No. 11-19747-JNF |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## POST-HEARING BRIEF IN SUPPORT OF MOTION OF RYKOR CONCRETE & CIVIL, INC. TO ENFORCE SALE ORDER

In accordance with this Court's July 16, 2012 order, and following a hearing on the *Motion of Rykor Concrete & Civil, Inc. to Enforce Sale Order* (the "Motion") [Docket No. 236], Rykor Concrete & Civil, Inc. ("Rykor"), by and through its undersigned counsel, hereby submits the instant Post-Hearing Brief. Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the Motion.

In further support of the Motion, Rykor respectfully represents as follows:

1. Pursuant to the Motion, Rykor seeks entry of an order enforcing the Amended Order Approving Debtor's Motion (A) to Authorize Debtor to Effectuate Purchase and Sale Agreement With Rykor Concrete & Civil Inc.; (B) To Authorize Sale of Assets by Private Sale Free and Clear of Liens, Claims and Interests; (C) To Authorize the Assumption and Assignment of Executory Contracts; and (D) For Related Relief (the "Sale Order"), and, in particular, precluding The Commonwealth of Massachusetts from characterizing Rykor as a successor to the Debtor or from using the Debtor's Experience Rating, payroll or any other data generated in connection with the Debtor's operation of its business to determine Rykor's appropriate

Contribution Rate with respect to unemployment insurance contributions pursuant to M.G.L. c. 151A.

2. The Sale Order expressly precludes the Commonwealth from attributing any characteristics of the Debtor to Rykor where such attribution would have the effect of making Rykor responsible for liabilities generated by the Debtor's activities. See Sale Order, ¶ 6 ("All persons and entities including, but not limited to, all … state, or local … tax … authorities or agencies … holding any Lien, Claim or interest of any kind or nature whatsoever … arising under or out of, in connection with, or in any way relating to, the Debtor or the operation of the Debtor's business prior to the transfer of the Assets, are hereby forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing any such Lien, Claim or interest against Rykor, the Assets and/or any other assets or operations of Rykor").

3. In its opposition to the Motion and at a hearing to consider the same, the Commonwealth argues that Rykor is not entitled to the relief it seeks because it failed to exhaust its administrative remedies. This argument is meritless and misunderstands the nature of the relief Rykor requests, which is available only in bankruptcy proceedings and which the Commonwealth is neither competent to determine nor empowered to grant.

4. Importantly, Rykor is not asking this Court to determine that, under the law of the Commonwealth, Rykor is not a successor to the Debtor for purposes of unemployment insurance contributions. Rather, Rykor is asking this Court to enforce its prior Sale Order approving a sale of assets to Rykor "free and clear of all Liens, Claims, and other interests" as permitted by Section 363 of the Bankruptcy Code. Sale Order at ¶5. The Commonwealth, a state administrative agency, is simply not competent to determine the effect of the Sale Order or the

2

application of Section 363, let alone empowered to grant the relief that the Bankruptcy Code provides, which is available only in bankruptcy proceedings.

5. Courts have recognized that administrative remedies need not be exhausted before pursuing relief from a bankruptcy court "where the relief sought . . . may not be granted by the administrative agency in question." *In re Rowan*, 15 B.R. 834, 838 (Bankr. N.D. Ohio 1981). *See also In re Idak Corp.*, 19 B.R. 765, 768-69 (Bankr. D. Mass. 1982) (debtor not required to exhaust administrative remedies with Massachusetts' Medicaid rate-setting commission before asking bankruptcy court to determine validity of proofs of claims based on rates set by the commission); *see also United States Alkali Export Ass'n v. United States*, 325 U.S. 196, 210-12 (1945) (U.S. government not required to exhaust administrative remedies with FTC before bringing suit in federal court to restrain suspected violations of Sherman Antitrust Act where FTC's function was limited to making investigations, recommendations and reports in respect of suspected violations of the Act).

6. In *In re Neavear*, 674 F.2d 1201 (7th Cir. 1982), the Seventh Circuit Court of Appeals held that the debtor was not required to exhaust administrative remedies, including by appealing the decision of an administrative law judge determining that certain benefit overpayments paid by the Social Security Administration ("SSA") could be offset against future benefit payments, before seeking a declaration in the bankruptcy court that the overpayments had been discharged in his Chapter 7 bankruptcy. The court reasoned that the debtor was not contesting the validity of the administrative determination regarding how the debt for the overpayments would be satisfied; rather, she was requesting an order declaring that the debt had been discharged, relief that "could not have been granted in the administrative proceeding" with

respect to an issue that "[did] not invoke the special competence of the [SSA]." Id. at 1203 (internal quotation marks omitted).

7. Similarly, by its Motion, Rykor is not contesting the validity of the Commonwealth's determination of successor liability under the provisions of M.G.L. c 151A. Rather, Rykor seeks an order from this Court enforcing the express terms of the Sale Order, which allowed for the conveyance of the Debtor's assets to Rykor free and clear of all Liens, Claims and interests in that property. As explained by Judge Bailey in In re PBBPC, Inc. (No. 09-16725-FJB, 2012 Bankr. LEXIS 726 (Bankr. D. Mass. February 27, 2012)), the term "interest" as used in the Sale Order and in Section 363(f) necessarily includes the Debtor's Experience Rating and Contribution Rate. Because the Commonwealth is neither competent to determine the applicability of Section 363 nor empowered to grant relief under Section 363 or the Sale Order, Rykor is not required to exhaust is administrative remedies with the Commonwealth before seeking such relief from this Court.[1]

---

[1] Requiring Rykor to exhaust its administrative remedies would be futile. Assuming, *arguendo*, that Rykor was required to first exhaust its administrative remedies with respect to this issue, following a ruling adverse to Rykor, this matter would be before this Court, as Rykor would seek the same relief that it seeks in the Motion. Indeed, the Commonwealth implicitly recognizes the futility of requiring Rykor to exhaust its administrative remedies in its *Supplemental Statement To The Acting Director of The Department of Unemployment Assistance's Opposition To Rykor Concrete & Civil, Inc.'s Motion to Enforce Sale Order* (the "Supplemental Statement"), in which it notes that, following Judge Bailey's decision in favor of the purchaser in PBBPC, the administrative process, which had been stayed by agreement between the Commonwealth and the purchaser, effectively was rendered moot. Supplemental Statement at page 2. In other words, because Judge Bailey had determined that the Commonwealth's right to ascribe a debtor's Experience Rating to the purchaser of its assets is an "interest" within the meaning of Section 363(f), the continuation of the administrative process to determine whether the purchaser is a successor employer to the debtor became futile as Section 363(f) necessarily preempts the application of successor status to the purchaser under M.G.L. Ch. 151A.

WHEREFORE, Rykor respectfully requests that the Court enter an order (i) enforcing the Sale Order by precluding the Commonwealth from characterizing Rykor as a successor to the Debtor or from using the Debtor's Experience Rating, payroll or any other data generated in connection with the Debtor's operation of its business to determine Rykor's appropriate Contribution Rate pursuant to M.G.L. c. 151A, and (ii) granting Rykor such other and further relief as is just and appropriate under the circumstances.

July 31, 2012

RYKOR CONCRETE & CIVIL, INC.

By its attorneys,

/s/ Lisa E. Herrington
Lisa E. Herrington, Esq. (BBO No. 655678)
lherrington@choate.com
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000

5473893v1