UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**LINDSAY LAMPASONA, LLC,**                     Chapter 7
    Debtor                                      Case No 11-19747-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

Whereas, the Chapter 7 Trustee of Lindsay Lampasona, LLC (the "Debtor") filed a Motion to Approve Settlement Agreement together with a Settlement Agreement; and

Whereas, pursuant to her Motion, the Trustee seeks authority to settle the estate's claims against Mary Lampasona ("Mrs. Lampasona"); and

Whereas, the Trustee asserts in support of her settlement that Mrs. Lampasona received payments from the Debtor in the four years prior to the filing of the bankruptcy petition that are avoidable and recoverable by the estate pursuant to 11 U.S.C. §§ 544, 548 and Mass. Gen. Laws ch. 109A, in the sum of $20,334.61; and

Whereas, the Trustee also asserts that Mrs. Lampasona received a promise of repayment of the sum of $150,000 on account of an advance in that amount made by Mrs. Lampasona to the Debtor in 2009, which Mrs. Lampasona contends was a loan; and

Whereas, in full settlement of her claims, the Trustee agreed to accept payment of the sum of $6,300; and

1

Whereas, according to the Trustee,

Effective upon the Trustee's receipt of the Settlement Payment, the Trustee hereby waives, releases and discharges the Lampasonas [Mrs. Lampasona and her spouse, Patrick Lampasona] from any and all claims, liabilities, demands and causes of action, known or unknown, fixed or contingent, that the Trustee, the Debtor or the Estate has or may have or claim to have against the Lampasonas, including without limitation those arising out of or related to the Transfers or the Disputed Payment; provided, however, that if (1) the Lampasonas receive payment on account of the Disputed Payment after the date of this Settlement and (2) the Estate has any interest in such payment, then any claim the Trustee may have with respect to such post-Settlement payment(s) would not be included in the foregoing release, but would, however, remain subject to any and all defenses available to the Lampasonas; and

Whereas, self-described, "Interested Parties," Devin Hartnell, S. Ernest Porter, Benjamin Stokdijk, Cory Bell, Kirby Putnam and Laurence Smith, filed an Objection to Trustee's Proposed Settlement; and

Whereas, in their Objection, the Interested Parties, who are not creditors of the Debtor's estate and have not filed proofs of claim in this case, disclosed that they are defendants in an adversary proceeding commenced by the Trustee through which she has alleged that they, among others, breached their fiduciary duties to the Debtor and participated in an alleged conspiracy in connection with a sale of assets in bankruptcy by withholding information about $150,000 that allegedly was to be paid to Mrs. Lampasona outside of the bankruptcy estate by the buyer of the Debtor's assets, Rykor Concrete & Civil, Inc., as additional consideration for the sale;[1] and

---

[1] The Trustee's Complaint, Adv. P. No. 13-1404, in her words, involves:

(i) the acts and omissions of the officers and directors, and affiliated

2

Whereas, the Interested Parties contend that the Trustee failed to satisfy the factors set forth in <u>Jeffrey v. Desmond</u>, 70 F.3d 183, 185 (1st Cir. 1995), for the approval of settlements, particularly because 1) the Trustee failed to mention the merits of the estate's potential fiduciary duty and conspiracy claims against Mrs. Lampasona, explain why she should not be included as an alleged co-conspirator, or explain why the nominal added cost, risk or delay in adding Mrs. Lampasona to that lawsuit is not in the best interests of creditors or the estate; 2) the Trustee failed to explain why Mrs. Lampasona's husband should receive a broad release when the Trustee's own allegations do not implicate him; and 3) the Trustee did not propose to allocate the Proposed Settlement proceeds among the various estate claims against Mrs. Lampasona, including claims arising out of the alleged promise to pay Mrs. Lampasona the $150,000 disputed payment; and

Whereas, the Trustee filed a Reply to the Interested Parties' Objection, challenging their standing, noting that her investigation revealed that Mrs. Lampasona was not a

---

    entities, of Lindsay Lampasona, LLC, the debtor herein ("Debtor"), with respect to the formation and operation of the Debtor as an undercapitalized instrumentality of such insiders, (ii) fraudulent and/or preferential transfers to insiders of the Debtor, and (iii) an improperly-conducted sale of the Debtor's assets consummated shortly after the Debtor's Chapter 11 filing.

The Trustee, in sum, asserts claims for "breach of fiduciary duty by the Debtor's managers/directors, officers, and members, for fraud and unjust enrichment with respect to the sale process, and for avoidance and recovery of fraudulent transfers and/or preferential transfers." In addition, the Trustee "seeks to hold an affiliate/parent of the Debtor liable for the acts and omissions of the Debtor and its chief executive officer (defendant Hartnell), including under agency and alter ego theories."

3

manager or officer of the Debtor, did not hold a fiduciary position with the Debtor, and did not control the sale process that was intended to repay her $150,000 advance, adding:

> the Proposed Settlement has no effect on the Canadian Defendants' claims against Mary Lampasona. If the Canadian Defendants believe that Mary Lampasona is to blame for the harm to the Debtor's estate alleged by the Non-Avoidance Claims, the Canadian Defendants are free to establish that blame as a defense to such Claims, to join Mary Lampasona in the Adversary Proceeding by third-party complaint, or to seek contribution from Mary Lampasona for any judgment the Trustee may obtain on the Non-Avoidance Claims. Nothing in the Proposed Settlement constrains the Canadian Defendants' rights or ability to pursue Mary Lampasona. Indeed, the Proposed Settlement benefits the Canadian Defendants—if the Canadian Defendants obtain a judgment against Mary Lampasona, they can pursue their collection remedies against her without competition from the Trustee;

and

Whereas, the Court conducted a hearing on January 15, 2014 at which time the parties were afforded an opportunity to argue their respective positions; and

Whereas, following the hearing, the Trustee submitted two affidavits executed by Mrs. Lampasona under penalty of perjury, one in which she explained that the transfers made to her by the Debtor, including interest payments made by the Debtor relating to a $150,000 loan to the Debtor from a home equity loan secured by the home she shared with her husband, and the other in which she disclosed that she worked for the Debtor as a bookkeeper/office manager and had no role in the sale of the Debtor's assets and that her husband never had any connections with the Debtor; and

Whereas, this Court discussed the standards relative to approval of compromises in In re Wolverine Proctor & Schwartz, No. 06-10815-JNF, 2009 WL 1271953 (Bankr. D.

Mass. May 5, 2009), *aff'd,* 436 B.R. 253 (D. Mass. 2010); and

> Whereas, in that case this Court stated:
>
> The bankruptcy court essentially is expected to " 'assess [ ] and balance the value of the claim[s] . . . being compromised against the value . . . of the compromise proposal.' " Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995) (citation omitted). It may consider, among other factors: (1) the probability of success were the claim to be litigated-given the legal and evidentiary obstacles and the expense, inconvenience and delay entailed in its litigation-measured against the more definitive, concrete and immediate benefits attending the proposed settlement, *see* Kowal v. [Malkemus ( In re Thompson) ], 965 F.2d [1136] at 1141 n. 5, 1145 [ (1st Cir. 1992) ] (so-called "best interests" standard); (2) a reasonable accommodation of the creditors' views regarding the proposed settlement; and (3) the experience and competence of the fiduciary proposing the settlement. *See* Jeffrey, 70 F.3d at 185; In re Texaco, Inc., 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988) (citing Protective Committee for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968)).

2009 WL 1271953 at *4 (quoting In re Healthco Internat'l, Inc., 136 F.3d 45, 50 (1st Cir. 1998), and In re High Voltage Eng'g Corp., 397 B.R. 579 (Bankr. D. Mass. 2007), *aff'd*, 403 B.R. 163 (D. Mass. 2009), and citing In re Fibercore, Inc., 391 B.R. 647 (Bankr. D. Mass. 2008)); and

> Whereas, this Court also observed:
>
> "When considering . . . [a settlement] . . ., deference should also be given to the Trustee's judgment regarding the settlement, Hill v. Burdick ( In re Moorhead Corp.), 208 B.R. 87 (B.A.P. 1st Cir. 1997), provided that the trustee can demonstrate that the proposed compromise falls within a 'range of reasonableness.' " Fibercore, Inc., 391 B.R. at 655 (citing In re Whispering Pines Estates, Inc., 370 B.R. 452, 461 (B.A.P. 1st Cir. 2007), and In re 110 Beaver St. P'ship, 244 B.R. 185, 187 (Bankr. D. Mass. 2000)).

2009 WL 1271953 at *4; and

> Whereas, the Bankruptcy Code does not define "party in interest;" and

Whereas, section 1109(b) of the Bankruptcy Code provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter, 11 U.S.C. § 1109(b);" and

Whereas, the definition set forth in section 1109(b) of the Bankruptcy Code, although inapplicable to Chapter 7 of title 11, is useful to the resolution of the standing of the Interested Parties; and

Whereas, in determining whether a party has standing to be heard, standing may depend upon whether the party has an interest in the distribution from the estate, *see* In re Delta Underground Storage Co., Inc., 165 B.R. 596,597-98 ( Bankr. S.D. Miss. 1994); and

Whereas, although the Trustee admits that one of the Canadian defendants, Devin Hartnell, might in the future become a creditor if she obtains judgment against him and he satisfies such judgment, he is not a creditor now;

Now, therefore, the Court concludes and rules that the Interested Parties lack standing to object to the Trustee's Motion as they are not at present creditors of the estate. Moreover, based upon the arguments of the parties and the affidavits of Mrs. Lampasona, the Court finds that the Trustee has satisfied her burden under the standard set forth in Jeffrey v. Desmond. Given Mrs. Lampasona's circumstances and the relatively modest amount of payments she received in relation to the settlement amount, the Court finds that the obstacles and expense of litigation would be unwarranted in view of the amount of

money involved. In addition, the Trustee is an experienced and competent fiduciary whose judgement is entitled to deference, and the Court concludes that she is using reasonable business judgment. Most importantly, creditors of the bankruptcy estate who have a stake in the distribution of estate assets did not object to the settlement.

In view of the foregoing, the Court shall enter an order granting the Trustee's Motion.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: February 11, 2014